2012 UT 23

**In the matter of the ADOPTION OF L.O., a minor child.**

**Navajo Nation, Petitioner and Appellant,**

v.

**State of Utah, Respondent and Appellee.**

No. 20100082.

Supreme Court of Utah.

April 13, 2012.

K. Andrew Fitzgerald, Moab, for appellant.

Mark L. Shurtleff, Att'y Gen., Carol L.C. Verdoia, John M. Peterson, Asst. Att'ys Gen., Salt Lake City, for appellee.

Martha M. Pierce, Salt Lake City, for the Office of the Guardian ad Litem.

Frank N. Call, Salt Lake City, for the adoptive family.

Associate Chief Justice NEHRING, opinion of the Court:

## INTRODUCTION

¶ 1 This case involves a dispute over the Division of Child and Family Services' (DCFS) compliance with the Indian Child Welfare Act (ICWA). The Navajo Nation (Nation) moved the juvenile court to transfer jurisdiction to the Nation. The juvenile court denied this motion. The Nation appealed to the Utah Court of Appeals. The court of appeals dismissed the case. We granted certiorari to determine whether the court of appeals erred in (1) holding that it lacked appellate jurisdiction over the Nation's direct appeal of the juvenile court's denial of a renewed motion to transfer jurisdiction and (2) declining to permit full briefing under rule 58 of the Utah Rules of Appellate Procedure. Because the Nation's consent to the child's adoption placement renders these procedural questions moot, we decline to address the issues raised on certiorari.

## BACKGROUND

¶ 2 L.O., an enrolled member of the Navajo Nation, was born on December 1, 2005. Upon adjudication of parental neglect, DCFS took custody of L.O. and placed the child with a foster family. After L.O.'s natural parents relinquished parental rights, the child's foster family filed a petition for adoption on September 23, 2008.

¶ 3 On December 5, 2008, the Nation filed an objection to the adoption because DCFS failed to abide by the placement preferences contained in ICWA. ICWA provides,

> In any adoptive placement of an Indian child under State law, a preference shall be given, in the absence of good cause to the contrary, to a placement with (1) a member of the child's extended family; (2) other members of the Indian child's tribe; or (3) other Indian families.[1]

On March 6, 2009, the Nation submitted a motion to transfer jurisdiction pursuant to 25 U.S.C. § 1911. Under that statute, a state court handling any "proceeding for the foster care placement of, or termination of parental rights to, an Indian child ..., in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe."[2] In its order dated May 19, 2009, the

---

1. 25 U.S.C. § 1915(a).

2. The relevant text is as follows:
   (a) Exclusive jurisdiction
   An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law. Where an Indian child is a ward of a tribal court, the Indian tribe shall retain exclusive jurisdiction, notwithstanding the residence or domicile of the child.
   (b) Transfer of proceedings; declination by tribal court.

juvenile court denied the transfer motion, indicating that ICWA does not allow transfer of jurisdiction to tribal court after parental rights have been terminated or, in the alternative, that the Nation waited too long to request the transfer. The juvenile court also found that good cause did not exist for deviation from the placement preferences under ICWA and therefore granted the Nation's objection to the adoption.[3]

¶ 4 Subsequently, the foster family filed a second petition for adoption. On August 13, 2009, the Nation filed an objection to the second petition for adoption and a renewed motion to transfer jurisdiction to the Nation. On August 24, 2009, the juvenile court denied the transfer motion. The Nation filed a petition for permission for interlocutory appeal, which the court of appeals denied. The Nation also filed a direct appeal. The court of appeals held that the order denying the motion to transfer jurisdiction was not a final, appealable order under rule 3(a) of the Utah Rules of Appellate Procedure, and dismissed the appeal for lack of jurisdiction.[4] The Nation then petitioned for certiorari. We granted the Nation's petition for certiorari on two issues: (1) whether the court of appeals erred in holding it lacked appellate jurisdiction over Petitioner's direct appeal of the juvenile court's denial of a renewed motion to transfer jurisdiction, and (2) whether the court of appeals erred in declining to permit full briefing under rule 58 of the Rules of Appellate Procedure.

¶ 5 After we granted certiorari, the juvenile court granted the foster family's petition to adopt L.O. Filed with the adoption order was a document titled "Navajo Nation's Consent to Adoption," wherein the Nation agreed permanently to waive any right, power, or privilege to invalidate L.O.'s adoption. Also

filed was a document titled "Stipulations Relating to Appeals," signed by the Assistant Attorney General, the authorized representative for the adoptive family, and the authorized representative for the Nation. The Stipulations Relating to Appeals state,

> Although a party may file a suggestion of mootness in order to comply with Rule 37 of the Utah Rules of Appellate Procedure, the parties stipulate and agree that the Petitioners' adoption of [L.O.] does not moot any of the issues relating to the Navajo Nation's appeal that is currently pending before the Utah Supreme Court.

The Guardian ad Litem subsequently filed a suggestion of mootness on the basis that the child's adoption with the Nation's consent moots the procedural questions raised in the appeal. We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(a).

## ANALYSIS

¶ 6 Although all parties have consented to the adoption of L.O., the State and the Guardian ad Litem agreed to argue that the appeal should not be dismissed on mootness grounds. The parties' agreement to sidestep the legal consequences of consent is unavailing; we hold that the issues on appeal are moot and do not fall under the public interest exception to the mootness doctrine.

### I. THE ISSUES ARE MOOT

¶ 7 Although "[i]t is the duty of each party ... to inform the court of any circumstances which ... render moot one or more of the issues raised,"[5] the court may also raise the issue of mootness sua sponte to further "a core judicial policy" of limiting "the scope of its power to issues in controversy."[6] Therefore, an agreement among par-

---

In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe: *Provided,* That such transfer shall be subject to declination by the tribal court of such tribe.

25 U.S.C. § 1911(a)-(b).

3. Although it is unidiomatic to grant an objection, the juvenile court used this language in its order.

4. *Navajo Nation v. State (State ex rel. L.O.),* 2009 UT App 349U, 2009 WL 4263472 (per curiam).

5. *Utah R. App. P.* 37(a).

6. *Shipman v. Evans,* 2004 UT 44, ¶ 36, 100 P.3d 1151, *abrogated on other grounds by Utahns for Better Dental Health–Davis, Inc. v. ·Davis Cnty.*

ties to continue litigation does not resuscitate a moot case.

¶.8 "Generally, we will not decide a case that is moot." [7] "Where the issues that were before the trial court no longer exist, the appellate court will not review the case. An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." [8] This case is moot because the Nation's consent to L.O.'s adoption eliminated the controversy. The Nation has waived all objections to L.O.'s adoption. Any determination this court makes regarding (1) the court of appeals' jurisdiction over the denial of the motion to transfer or (2) the court of appeals' discretion regarding whether the case required full briefing will not affect L.O.'s adoption or the rights of the litigants.

## II.  WE DECLINE TO APPLY THE PUBLIC INTEREST EXCEPTION TO THE MOOTNESS DOCTRINE

¶ 9 Having concluded that the issues raised in this appeal are moot, we next consider the public interest exception to the mootness doctrine.

Because mootness is a matter of judicial policy, the ultimate determination of whether to address an issue that is technically moot rests in the discretion of this court. We generally will consider a technically moot issue if it falls within the "public interest exception" to the mootness doctrine. The public interest exception to the mootness doctrine arises when the case [1] presents an issue that affects the public interest, [2] is likely to recur, and [3] because of the brief time that any one litigant is affected, is capable of evading review.[9]

¶ 10 The moot issues presented here fail to meet the third consideration in the mootness exception. "The types of issues likely to evade review are those that are inherently short in duration so that by the time the issue is appealed, a court is no longer in a position to provide a remedy." [10] In the Stipulations Relating to Appeals, the parties agreed they would

argue and assert to the Court that [the] appeal should not be dismissed on mootness grounds because: (a) the issues raised in the appeal are legally and/or socially important; (b) the issues raised in the appeal are likely to recur yet evade review; (c) there is an absence of Utah case law directly addressing the issues raised in the appeal; and (d) dismissal of the appeal on mootness grounds would effectively punish the Navajo Nation for acting in the child's best interests and consenting to the adoption before the appeal was fully resolved.

The parties provided minimal defense of their claim on the public interest exception to mootness aside from a verbatim recitation of the language in the Stipulations. And although the State agreed to argue that the case should not be dismissed as moot, it conceded in oral argument that "it's not a very strong argument."

¶ 11 Jurisdictional disputes in ICWA cases are not "inherently short in duration so that by the time the issue is appealed, a court is no longer in a position to provide a remedy." [11] The Nation decided that adoption was in L.O.'s best interest in this case and waived any right to contest the adoption. That decision does not establish that any jurisdictional disputes over 25 U.S.C. § 1911 will affect the interests of the parties for only a brief time. *In re Adoption of Halloway,*

---

*Clerk,* 2007 UT 97, 175 P.3d 1036; *Richards v. Baum,* 914 P.2d 719, 720 (Utah 1996) ("The strong judicial policy against giving advisory opinions dictates that courts refrain from adjudicating moot questions."); *see also, e.g., McBride v. Utah State Bar,* 2010 UT 60, ¶ 13 & n. 1, 242 P.3d 769 (raising mootness sua sponte); *Soc'y of Prof'l Journalists v. Bullock,* 743 P.2d 1166, 1169 (Utah 1987) (same).

**7.**  *Guardian ad Litem v. State (State ex rel. C.D.),* 2010 UT 66, ¶ 11, 245 P.3d 724.

**8.**  *Richards,* 914 P.2d at 720 (citations omitted) (internal quotation marks omitted).

**9.**  *State ex rel. C.D.,* 2010 UT 66, ¶ 13, 245 P.3d 724 (alterations in original) (citations omitted) (internal quotation marks omitted).

**10.**  *Id.* ¶ 14.

**11.**  *Id.*

for example, addressed jurisdictional issues under ICWA.[12] In that case, the Nation moved to intervene two years after the petition for adoption was filed and the case did not become moot during the pendency of its appeal.[13] *In re Adoption of A.B.* also presented this court with a live jurisdictional dispute under ICWA although the Nation had "waited nearly two-and-one-half years to appeal." [14] The jurisdictional dispute in this case is not so inherently short in duration that it is likely to evade review in future litigation.

¶ 12 The Nation also challenges the court of appeals' decision not to permit full briefing under rule 58 of the Utah Rules of Appellate Procedure. This issue is also moot in light of the Nation's consent to the adoption. Because we conclude that the issues raised in the petition for certiorari are moot and do not fall within the public interest exception, we decline to address them.

### CONCLUSION

¶ 13 L.O.'s adoption with the consent of the Nation renders advisory any determination that we could make regarding (1) the court of appeals' jurisdiction to rule on the juvenile court's denial of the transfer motion or (2) the court of appeals' discretion to decline full briefing under rule 58 of the Utah Rules of Appellate Procedure. These issues are moot. We also decline to review them under the public interest exception to the mootness doctrine. We therefore dismiss the petition for certiorari.

Associate Chief Justice NEHRING authored the opinion of the Court, in which Chief Justice DURRANT, Justice DURHAM, Justice PARRISH, and Justice LEE joined.

---

**12.** *In re Adoption of Halloway,* 732 P.2d 962, 965 (Utah 1986).

**13.** *Id.* at 963.

**14.** *Navajo Nation v. State (In re Adoption of A.B.),* 2010 UT 55, ¶ 42, 245 P.3d 711.