2013 UT App 281

**N.F., Petitioner and Appellee,**

v.

**G.F., Respondent and Appellant.**

No. 20120641–CA.

Court of Appeals of Utah.

Nov. 21, 2013.

Charles R. Ahlstrom and Zane S. Froerer, for Appellant.

Elizabeth Hunt, for Appellee.

Senior Judge JUDITH M. BILLINGS authored this Opinion, in which Judges CAROLYN B. McHUGH and J. FREDERIC VOROS JR. concurred.[1]

Opinion

BILLINGS, Senior Judge:

¶ 1 G.F. (Grandmother) appeals the entry of a protective order against her, which was requested by N.F. (Mother) on behalf of her daughter (Child). We do not reach Grandmother's claims, however, because we determine that they are now moot and do not fit either of the argued exceptions to the mootness doctrine. Thus, we dismiss Grandmother's appeal.

## BACKGROUND

¶ 2 In November 2011, Child told Mother that Grandmother, her paternal grandmother, had sexually abused her. Mother reported Child's statements to authorities and then filed a petition for an ex parte child protective order in February 2012. After Grandmother responded and the trial court held hearings on the matter, the trial court issued a protective order in July 2012. Grandmother filed a notice of appeal that same month, contesting the judgment and order underlying the issuance of the protective order.

¶ 3 Shortly before the protective order was set to expire in December 2012, and while this appeal was pending, Mother moved to extend the protective order. The trial court extended the order on a temporary basis and held an evidentiary hearing in March 2013, but ultimately denied Mother's motion to extend the protective order. Consequently, the protective order expired on March 18, 2013.

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

¶ 4 Mother subsequently filed a suggestion of mootness with this court, seeking dismissal of the appeal and an award of attorney fees. Grandmother responded, arguing that her issues are not moot and that, even if they were, certain exceptions allow this court to consider those issues nonetheless. This court refused to dismiss the appeal at the time but allowed the parties to include their mootness-related arguments within their briefs on appeal. We now address those arguments.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Before we can address the issues Grandmother raises in her appeal, we must address Mother's contention that the appeal is moot. This is because "[w]here the issues that were before the trial court no longer exist, the appellate court will not review the case." *In re Adoption of L.O.*, 2012 UT 23, ¶ 8, 282 P.3d 977 (citation and internal quotation marks omitted). Since we determine that the issues raised on appeal are indeed moot, we do not address Grandmother's arguments of error on their merits.

¶ 6 We also address Mother's various requests for an award of attorney fees on appeal. Under rule 33 of the Utah Rules of Appellate Procedure, "if the court determines that a motion made or appeal taken under these rules is either frivolous or for delay, it *shall* award just damages." Utah R.App. P. 33(a) (emphasis added). However, the decision of whether to award attorney fees due to briefing violations is in the court's discretion. *See id.* R. 24(k) ("Briefs which are not in compliance may be disregarded or stricken, on motion or sua sponte by the court, and the court may assess attorney fees against the offending lawyer.").

## ANALYSIS

### I. Mootness

■■■ ¶ 7 "A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." *Burkett v. Schwendiman*, 773 P.2d 42, 44 (Utah 1989). Certainly the issues raised here are moot. The protective order that Grandmother contests ultimately expired on March 18, 2013. Thus, the relief she seeks in challenging the order will no longer affect her rights. However, there are certain narrow exceptions that allow an appellate court to consider moot issues. Grandmother argues that two of these exceptions apply.

### A. Public Interest Exception

■■■ ¶ 8 Grandmother first invokes what she refers to as the "public interest exception."[2] This "exception to the mootness doctrine arises when the case [1] presents an issue that affects the public interest, [2] is likely to recur, and [3] because of the brief time that any one litigant is affected, is capable of evading review." *In re Adoption of L. O.*, 2012 UT 23, ¶ 9, 282 P.3d 977 (alterations in original) (citation and internal quotation marks omitted).

¶ 9 As to the first requirement, Grandmother argues that the issue here goes to "the validity or construction of a statute," which is a type of claim affecting the public interest, *see Barnett v. Adams*, 2012 UT App 6, ¶ 11, 273 P.3d 378 (citation and internal quotation marks omitted). We disagree. We are not persuaded that the issue Grandmother raises is truly a challenge to the trial court's construction of a statute. Grandmother argues that the trial court misinterpreted Utah Code section 78B–7–203 and allowed any possibility of future abuse to satisfy a finding of Child being "in imminent danger of being abused," *see* Utah Code Ann. § 78B–7–203(5) (LexisNexis 2012). We conclude that the trial court made no such broad interpretation. The trial court's finding was based, rather, on the unique facts of the case. The trial court acknowledged Mother's ad-

---

**2.** Our supreme court has recently expressed disfavor for the term "public interest exception" because "it implies some controlling significance in the public interest in the question presented for review," and the court has stated an intention to simply use the term "exception" in the future. *Utah Transit Auth. v. Local 382 of the Amalgam-* *ated Transit Union,* 2012 UT 75, ¶ 33, 289 P.3d 582. Although we use the term "public interest exception" herein, we do so only to differentiate this exception to the mootness doctrine from the collateral consequences exception to the doctrine, which we also discuss.

mission that "[Child's] parents can adequately protect her against any potential harm from [Grandmother]." However, the court noted that this admission was made when an ex parte protective order was in place, protecting Child from contact with Grandmother, and that the parents' ability to protect Child was due to the order then in place. Thus, the admission was not given much weight on the question of whether Child was then in imminent danger of abuse that required the entry of a protective order. The trial court specifically stated that it was considering "the *likelihood* that the abuse would continue in the future if an order is not issued," (emphasis added), and we do not see that the court found imminent danger based on the existence of *any possibility* of future abuse.

¶ 10 We are also unconvinced that the second requirement for the public interest exception is met here. Under this requirement, the claim raised must be " 'likely to recur in a similar manner' " in future cases. *See Barnett,* 2012 UT App 6, ¶ 12, 273 P.3d 378 (quoting *Anderson v. Taylor,* 2006 UT 79, ¶ 10, 149 P.3d 352). As explained above, the decision of the trial court is dependent on a unique combination of the factual circumstances of the case, including the admission regarding the parents' ability to protect Child, the existence of the ex parte protective order and the timing of its expiration, the issues caused by the parents' pending divorce, the age and vulnerability of Child, and the extensive and severe abuse allegations. Because the factual underpinnings of each child abuse case are different and because such facts are necessarily the basis of the trial court's determination of whether a child is in imminent danger of being abused, the issues of which Grandmother complains are not likely to be raised in a similar manner in other future cases. *Cf. Putman v. Kennedy,* 279 Conn. 162, 900 A.2d 1256, 1265 n. 14 (2006) ("[A]lthough the defendant claims numerous due process and statutory violations, his pro se brief filed before the Appellate Court indicates that they all are rooted in the trial court's exercise of its discretion *with respect to the facts of these particular cases,* and his brief to this court, filed by counsel, does not indicate otherwise. Thus, although

the 'capable of repetition, yet evading review' exception might well be applicable in a domestic violence restraining order case raising broader issues than those presented here, the Appellate Court properly concluded that the exception did not apply to this appeal."); *In re Jeffrey C.,* 64 Conn.App. 55, 779 A.2d 765, 772 (2001) (determining that an issue was "not capable of repetition" where the issue was limited "to the case at hand and preclude[d] any far reaching impact in future Juvenile Court proceedings"), *rev'd on other grounds,* 261 Conn. 189, 802 A.2d 772 (2002).

¶ 11 Thus, we determine that Grandmother has failed to show that the issues she raises affect the public interest or that they are likely to recur in a similar fashion. The public interest exception therefore does not save Grandmother's claims from a mootness challenge.

**B. Collateral Consequences Exception**

¶ 12 The collateral consequences exception to the mootness doctrine has been employed primarily in criminal cases and applies when "collateral legal consequences may result from an adverse decision." *Barnett v. Adams,* 2012 UT App 6, ¶ 7, 273 P.3d 378. "Accordingly, the examples of collateral consequences that preclude a case from mootness are relatively limited." *Id.* First, "the consequences must be 'imposed by law' as a direct result of the challenged action." *Towner v. Ridgway,* 2012 UT App 35, ¶ 7, 272 P.3d 765 (citation omitted). Further, "a litigant must show that the collateral consequences complained of are not merely hypothetical or possible but that they are probable and represent actual and adverse consequences." *Barnett,* 2012 UT App 6, ¶ 8, 273 P.3d 378.

¶ 13 The collateral consequences Grandmother complains of are social stigma, pain, damaged family relationships, the possibility that Mother may make embarrassing information public or take future civil action, and the potential impact of "findings" that Grandmother sexually abused a minor. The majority of the consequences that Grandmother raises are not legal collateral consequences but emotional tolls, which are likely existent

in most cases. We find no support for considering such emotional tolls under the collateral consequences exception. *See, e.g., Towner*, 2012 UT App 35, ¶ 9, 272 P.3d 765 (refusing to consider the consequences of "harm to [the Respondent's] reputation, family relationships, and employment prospects" because they were "not imposed by law" (citation and internal quotation marks omitted)).

¶ 14 As to Grandmother's concern that the trial court made findings that she had abused Child and that Mother may use these to pursue further civil action, Grandmother has not shown that these findings will probably lead to adverse legal consequences for her. We have previously addressed a situation where a protective order actually led to the respondent being placed on a list that would have allegedly prevented her from fostering, adopting, or working with children, yet we determined that the collateral consequences argued were "merely speculative" because the respondent did not show that she was pursuing any of these activities. *See Barnett*, 2012 UT App 6, ¶ 9, 273 P.3d 378. Grandmother's alleged collateral consequences here are similarly hypothetical and speculative, and do not support the application of the collateral consequences exception to the mootness doctrine.

## II. Attorney Fees

¶ 15 Mother requests an award of attorney fees based on rule 33 of the Utah Rules of Appellate Procedure. This rule provides, "Except in a first appeal of right in a criminal case, if the court determines that a motion made or appeal taken under these rules is either frivolous or for delay, it shall award just damages ... to the prevailing party." Utah R.App. P. 33(a). Mother argues that Grandmother's appeal was both frivolous and filed for the purpose of delay. We disagree.

¶ 16 A frivolous appeal is "one that is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." *Id.* R. 33(b). Mother claims that Grandmother's appeal is frivolous because the issues raised are moot. However, as was

discussed above, *see supra* ¶ 3, the protective order at issue did not expire until after this appeal had already been taken.

¶ 17 Mother also argues that the appeal is frivolous because a party may not appeal a summary judgment denied due to the existence of disputed material facts. However, the trial court did not deny a motion for summary judgment but instead treated Grandmother's motion as a motion to dismiss. Thus, Grandmother's argument is really that the trial court erred in not considering her motion as one for summary judgment, not that the trial court erroneously denied it based on disputed facts. Further, even if Mother is correct that this issue would be unsuccessful on the merits, this does not mean that it is necessarily frivolous. *See Munns v. Munns*, 790 P.2d 116, 123 (Utah Ct.App.1990) ("[A]n unsuccessful appeal which is worthy of consideration is not an egregious case worthy of sanctions and, therefore, is not frivolous.").

¶ 18 Mother next sets forth a long list of what she terms "factual inaccuracies" occurring in Grandmother's brief. Although Mother and Grandmother interpret the facts differently based on assertions made in their respective arguments, this does not make Grandmother's appeal frivolous. "A party's case is not frivolous where its 'brief as a whole is supported by the record, and the [party] makes good faith arguments that are adequately supported by case law,' as opposed to a case in which the 'record [is] devoid of admissible supporting evidence' and 'the cause of action completely lack[s] merit.'" *Clatterbuck v. Call*, 2007 UT App 76U, para. 6, 2007 WL 701039 (alterations in original) (quoting *Carrier v. Salt Lake Cnty.*, 2004 UT 98, ¶ 19, 104 P.3d 1208). This is true even when, "at times, [a party] arguably stretches certain facts to cast them in a more favorable light." *See Carrier*, 2004 UT 98, ¶ 19, 104 P.3d 1208.

¶ 19 As to Mother's delay argument, an appeal taken for delay "is one interposed for any improper purpose such as to harass, cause needless increase in the cost of litigation, or gain time that will benefit only the party filing the appeal," Utah R.App. P.

33(b). Mother simply contends that Grandmother repeatedly delayed the appeal by first entering a noncompliant brief and then by being tardy in submitting a corrected one. But Mother does not argue, nor do we see, that the appeal itself "was interposed for any improper purpose," *see id.*

 ¶ 20 Mother also requests an award of attorney fees for certain technical violations of the appellate briefing rules found in rule 24 of the Utah Rules of Appellate Procedure. "[T]he requirements of [rule 24] serve to focus the briefs, thus promoting more accuracy and efficiency in the processing of appeals." *Burns v. Summerhays*, 927 P.2d 197, 199 (Utah Ct.App.1996) (citation and internal quotation marks omitted). We conclude that Grandmother's brief sufficiently complies with the briefing requirements, and we deny Mother's request for attorney fees on this basis as well.

## CONCLUSION

¶ 21 We determine that the issues raised in this appeal are moot due to the expiration of the underlying protective order. We also determine that the public interest and collateral consequences exceptions to the mootness doctrine do not apply. Therefore, we dismiss the appeal as moot. We also deny Mother's multiple requests for an award of attorney fees.