**2016 UT App 155**

## THE UTAH COURT OF APPEALS

MUOI HA AND OLIVIA HA,
Appellants,
*v.*
COUNG SI TRANG AND SYLVIA TRANG,
Appellees.

Memorandum Decision
No. 20140320-CA
Filed July 21, 2016

Third District Court, Salt Lake Department
The Honorable Su Chon
No. 110913027

Russell T. Monahan, Attorney for Appellants

Michael P. Petrogeorge and Nicole G. Farrell,
Attorneys for Appellees

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGE GREGORY K. ORME and JUSTICE JOHN A.
PEARCE concurred.[1]

VOROS, Judge:

¶1     This case concerns the district court's allocation of shares in a family-owned corporation. Shortly before oral argument, then-appellant Weiman Ha entered into a settlement agreement (the Agreement) with appellees Coung Si Trang and Sylvia Trang (the Trangs). Pursuant to the Agreement, the corporation

---

1. Justice John A. Pearce began his work on this case as a member of the Utah Court of Appeals. He became a member of the Utah Supreme Court thereafter and completed his work on the case sitting by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 3-108(3).

redeemed all of Weiman Ha's corporate shares—the very shares at issue on appeal.

¶2     We concluded that the Agreement, if enforceable, could moot the central issues on appeal. We remanded the case to the district court to determine the enforceability of the Agreement. The district court ruled that the Agreement was valid and enforceable, and accordingly dismissed Weiman Ha's claims. We then requested supplemental briefing from the parties addressing which, if any, claims of the remaining appellants survived the dismissal of former appellant Weiman Ha's claims.

¶3     Muoi Ha and Olivia Ha (collectively, Appellants) contend that three of their appellate claims survive the dismissal of Weiman Ha's claims. We consider each in turn.

¶4     Appellants first contend that "[t]he issue as to whether Lavinia Ha should have been brought into this suit remains." At trial, the district court allowed the Trangs to introduce a shareholder interest redemption agreement in which the corporation agreed to redeem 20,000 shares owned by Lavinia Ha. The court concluded that "[a]s a result of the Shareholder Interest Redemption Agreement entered into by and between Lavinia and the Company . . . Lavinia no longer ha[d] any interest in the Company."

¶5     On appeal, Appellants challenge the Trangs' "claim of Lavinia Ha's interest because [the Trangs] never made her a party under Rule 14" of the Utah Rules of Civil Procedure. Appellants argue that, "[w]ithout any claims by Lavinia Ha, the only reasonable division of the existing shares" would have accorded Lavinia's 20,000 shares to Weiman Ha, giving him a total of 35,700 shares. The Trangs respond that this claim is unpreserved, misreads rule 14, and "has now been rendered moot as a result of the enforceable settlement agreement" between the Trangs and Weiman Ha.

¶6 We agree with the Trangs that this claim is now moot. "If the requested judicial relief cannot affect the rights of the litigants, the case is moot and a court will normally refrain from adjudicating it on the merits." *Merhish v. H.A. Folsom & Assocs.*, 646 P.2d 731, 732 (Utah 1982) (citation and internal quotation marks omitted). "Once a controversy has become moot, a trial court should enter an order of dismissal." *Id.* at 733. "Where the issues that were before the trial court no longer exist, the appellate court will not review the case." *In re Adoption of L.O.*, 2012 UT 23, ¶ 8, 282 P.3d 977 (citations and internal quotation marks omitted). Here, under the Agreement the corporation redeemed "the entirety of [Weiman Ha's] claimed right, title, and interest in the Company." Consequently, whether the district court should have awarded Weiman Ha 35,700 shares (as Appellants claim) rather than 15,700 shares (as it in fact did) no longer matters. The corporation reacquired all of Weiman Ha's shares, however many there were, leaving Coung Trang the undisputed majority shareholder.[2]

¶7 Appellants next contend that "the question remains as to whether the [Appellants'] request for a Special Shareholders' Meeting was proper." They further argue that even if we determine that this issue is moot, we should address it under the public interest exception.

¶8 The district court ruled that Appellants' demand for a special shareholder meeting "did not comply with Utah law because it was signed and sent by [Appellants'] counsel, and was not signed and dated by any of the shareholders in the company." *See* Utah Code Ann. § 16-10a-702 (LexisNexis 2013) ("A corporation shall hold a special meeting of shareholders . . .

---

2. Appellants do not challenge the district court's finding that Coung Trang held 65,000 shares, Muoi Ha held 40,000 shares, and Olivia Ha held 5,000 shares.

if the holders of shares representing at least 10% of all the votes entitled to be cast on any issue proposed to be considered at the proposed special meeting sign, date, and deliver to the corporation's secretary one or more written demands for the meeting, stating the purpose or purposes for which it is to be held.").

¶9     On appeal, Appellants contend that the district court misapplied section 16-10a-702; they further assert that the Agreement does not moot this claim. The Trangs respond that Appellants did not adequately brief this claim and, moreover, that any error in the district court's ruling was harmless because the district court ordered the corporation to hold an annual meeting. They further argue that the Agreement moots this claim.

¶10    We agree with Appellants that the Agreement did not render this issue moot. Even post-Agreement, Appellants control more than 10% of the shares, thus meeting the statutory threshold for requesting a special shareholder meeting. *See id.* However, we agree with the Trangs that Appellants did not adequately brief this claim and that any error was harmless.

¶11    "An adequately briefed argument must provide meaningful legal analysis." *West Jordan City v. Goodman*, 2006 UT 27, ¶ 29, 135 P.3d 874 (citation and internal quotation marks omitted). Rule 24 of the Utah Rules of Appellate Procedure requires that a brief "contain the contentions and reasons of the appellant . . . with citations to the authorities, statutes, and parts of the record relied on." Utah R. App. P. 24(a)(9). "[R]ule 24(a)(9) requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). Appellants' brief does not meet this standard. Although they claim that the district court misread section 16-10a-702, their brief does not

analyze the statutory passage they claim the district court misread.

¶12    Furthermore, any error by the district court on this point was harmless. On appeal, the appellant bears "the burden of showing not only that an error occurred, but that it was substantial and prejudicial." *Ashton v. Ashton*, 733 P.2d 147, 154 (Utah 1987); *see also* Utah R. Civ. P. 61 ("[N]o error or defect in any ruling or order or in anything done or omitted by the court . . . is ground for granting a new trial or otherwise disturbing a judgment or order, unless refusal to take such actions appears . . . inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Here, although the district court did not order a special shareholder meeting, it did order an annual shareholder meeting. The Trangs argue that this order rendered any possible error in not ordering a special shareholder meeting harmless. Appellants did not explain in their reply brief how they had been or could be harmed by the district court's having ordered an annual shareholder meeting rather than a special shareholder meeting. In fact, the reply brief does not acknowledge the harmless error argument at all. Accordingly, we conclude that Appellants have not carried their burden of demonstrating that a prejudicial error occurred.

¶13    Finally, Appellants contend that the district court erred in awarding the Trangs mediation costs. The parties agree that this issue was not rendered moot by the Agreement. We nevertheless reject this claim as unpreserved.

¶14    The Trangs assert, and Appellants do not deny, that Appellants did not preserve this issue in the district court. And the record shows that the district court awarded mediation costs only after noting that Appellants "did not make any objections as to the mediation fees." To be preserved for an appeal, "the

issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citation and internal quotation marks omitted). "Issues that are not raised at trial are usually deemed waived," *id.*, or, more precisely, "forfeited," *State v. Fuller*, 2014 UT 29, ¶ 28 n.21, 332 P.3d 937. Because Appellants did not give the district court the necessary opportunity to rule on this issue, we deem it forfeited and do not consider it further.

¶15　The judgment of the district court is affirmed.

_____