**2017 UT App 5**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.S.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

J.S.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Memorandum Decision
No. 20150848-CA
Filed January 6, 2017

Third District Juvenile Court, West Jordan Department
The Honorable Elizabeth A. Lindsley
No. 1084845

Monica Maio and Steven K. Beck, Attorneys
for Appellant

Sean D. Reyes and Tera J. Peterson, Attorneys
for Appellee

JUDGE JILL M. POHLMAN authored this Memorandum Decision, in
which JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN
concurred.

POHLMAN, Judge:

¶1     J.S. appeals the juvenile court's disposition order of
detention. We conclude that this appeal is moot and we
therefore dismiss it.

¶2     In the summer of 2015, the State filed several delinquency
petitions against J.S. At a detention hearing, the juvenile court
found that it would be "unsafe for the public" to release J.S. and
that J.S. could not "be safely left in the care and custody" of his

parent. As a result, on August 27, 2015, the court ordered J.S. to be held in the temporary physical custody of the Division of Juvenile Justice Services in secure detention pending his next hearing. *See* Utah Code Ann. § 78A-6-113(4)(d) (LexisNexis 2012) (allowing the juvenile court to hold a minor in detention "subject to further order of the court" if the court "finds at a detention hearing that it is not safe to release the minor").

¶3     At the next hearing on September 1, 2015, J.S. admitted to two allegations. The juvenile court found that the two admitted allegations against J.S. were "true and correct," and the court dismissed the remaining allegations. In addition, the court ordered J.S. to be held in detention "pending further order of the Court," ordered J.S. to complete a substance abuse evaluation and a psychological evaluation while in detention, and took "further disposition under advisement." A transcript of this hearing is not part of the record on appeal.

¶4     On September 14, 2015, the juvenile court held a hearing for further disposition. During the hearing, the juvenile court, among other things, placed J.S. on probation and ordered him to serve thirty days in detention, with five days to be served immediately and the remaining twenty-five days suspended. J.S. objected, arguing that under Utah Code section 78A-6-117, the court could order a total of thirty days in detention post-adjudication and that because J.S. was "ordered to detention on September 1 when he was adjudicated," he was "14 days into his 30 day commitment." The juvenile court overruled J.S.'s objection, explaining that "[t]he record will . . . reflect that the Court did not issue a thirty (30) day commitment to detention [at the September 1, 2015 hearing], but that the Court set disposition over so that the necessary evaluations could be completed . . . [while J.S. was] in detention." J.S. filed a notice of appeal.

¶5     Subsequently, in January 2016, J.S. admitted to new allegations against him. In response, the juvenile court terminated probation and committed J.S. to thirty days in

detention, with seven days to be served immediately and twenty-three days suspended. In August 2016, the juvenile court terminated its jurisdiction over J.S.

¶6    J.S. appeals the September 14, 2015 disposition order. He contends that the "juvenile court erred when it entered a disposition order for thirty days of detention because J.S. had already served fourteen days of detention and Utah Code section 78A-6-117(2)(f) specifically precludes the juvenile court from ordering more than thirty days of detention upon adjudication."

¶7    Before we reach the merits of this issue, we must determine whether this appeal is moot. "Where the issues that were before the [juvenile] court no longer exist, the appellate court will not review the case." *In re adoption of L.O.*, 2012 UT 23, ¶ 8, 282 P.3d 977 (citation and internal quotation marks omitted). "An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Id.* (citation and internal quotation marks omitted).

¶8    The State contends that this appeal is moot because the juvenile court terminated its jurisdiction over J.S. We agree. Because the juvenile court has terminated its jurisdiction, there is no possibility that J.S. will be required to serve the remainder of his thirty-day detention. *Cf. In re O.P.*, 2016 UT App 181, ¶ 5 n.2, 380 P.3d 69 (concluding that an appeal is not moot where the possibility exists that a juvenile could still be required to serve a suspended term in jail if he fails to abide by the juvenile court's order).[1] Consequently, any decision from this court about

---

1. Because we agree with the State that this case is moot due to the fact that the juvenile court has terminated its jurisdiction, we need not reach the State's alternative argument that the January 2016 disposition ordering J.S. to a new thirty-day term of

(continued…)

whether the juvenile court erred in ordering a thirty-day detention in September 2015 would have no direct legal effect. *See In re adoption of L.O.*, 2012 UT 23, ¶ 8.

¶9 J.S. contends that this appeal is not moot because "the relief [he] seeks . . . extends to correcting [the juvenile court's] unlawful order on J.S.'s permanent juvenile record." According to J.S., "if this appeal is deemed moot, the unlawful order will remain on J.S.'s permanent juvenile court record indefinitely unless and until the juvenile court exercises its discretion and grants an expungement." But J.S. does not cite any pertinent authority to support his contention that he is entitled to a corrected order. *See ASC Utah, Inc. v. Wolf Mountain Resorts, LC*, 2013 UT 24, ¶ 16, 309 P.3d 201 (noting that appellants have the burden to provide reasoned argument and legal authority); *In re A.C.*, 2015 UT App 107, ¶ 15, 349 P.3d 751 (indicating that a brief "must go beyond providing conclusory statements" (citation and internal quotation marks omitted)).

¶10 Moreover, J.S.'s position is, in essence, an argument that we should apply the collateral legal consequences exception to the mootness doctrine. *See Towner v. Ridgway*, 2012 UT App 35, ¶¶ 6–8, 272 P.3d 765 (describing the collateral legal consequences exception to the mootness doctrine). The collateral legal consequences exception allows a moot appeal to survive dismissal "if, notwithstanding the fact that the direct and immediate consequences of a lower court decision have already occurred and cannot be directly remedied by an appellate decision, there are adverse collateral legal consequences [that] will be imposed on the basis of the challenged issue on appeal." *State v. Legg*, 2016 UT App 168, ¶ 17, 380 P.3d 360 (alteration in

---

(…continued)
detention for new offenses renders moot J.S.'s challenge to the September 2015 order of detention.

original) (citation and internal quotation marks omitted), *petition for cert. filed*, Sept. 30, 2016 (No. 20160810).

¶11    "Generally, once mootness has been demonstrated, the party seeking to survive dismissal bears the burden of demonstrating that collateral legal consequences will flow from the challenged issue." *Id.* ¶ 18. Further, unless a party is challenging the validity of his conviction in an otherwise moot appeal, "the demonstrated consequences must be actual and adverse, not speculative or hypothetical, for the case to fit within this exception."[2] *Id.* ¶¶ 19, 23; *see also State v. Moore*, 2009 UT App 128, ¶¶ 14, 17, 210 P.3d 967 ("[T]he hypothetical impact of the disciplinary record on a future parole hearing does not create a collateral legal consequence that prevents the conclusion that [the petitioner's] claim is moot."). J.S. has not demonstrated that actual and adverse legal consequences will flow from the juvenile court's disposition order now that there is no possibility of his having to serve any additional time pursuant to that order. *See Legg*, 2016 UT App 168, ¶ 19. Accordingly, J.S. has failed to rebut the State's mootness argument and has not shown that collateral consequences exist.

¶12    J.S. alternatively asks us to reach the merits of his appeal by applying the public interest exception to the mootness

---

2. The collateral legal consequences analysis differs depending on whether a party is challenging a conviction or something else. *State v. Legg*, 2016 UT App 168, ¶ 23, 380 P.3d 360, *petition for cert. filed*, Sept. 30, 2016 (No. 20160810). We will retain jurisdiction to consider a challenge to the validity of a conviction unless the party seeking dismissal demonstrates that "there is no possibility that any collateral legal consequences will be imposed." *Id.* (citation, emphasis, and internal quotation marks omitted). But we will not presume adverse legal consequences where the challenge is to some other kind of proceeding. *See id.*

doctrine.[3] *See Utah Transit Auth. v. Local 382 of the Amalgamated Transit Union*, 2012 UT 75, ¶¶ 28–33, 289 P.3d 582 (discussing this exception to the mootness doctrine). But it is unnecessary for us to engage in an analysis of the specifics of the public interest exception because, even if that exception applied, we would not exercise our discretion to reach the merits of this appeal. *See In re adoption of L.O.*, 2012 UT 23, ¶ 9, 282 P.3d 977 ("[T]he ultimate determination of whether to address an issue that is technically moot rests in the discretion of [the appellate] court." (citation and internal quotation marks omitted)).

¶13    The record in this case is incomplete. Specifically, there is no transcript from the September 1, 2015 hearing during which the juvenile court ordered J.S. to detention "pending further order of the Court." On appeal, the parties dispute whether that order "trigger[ed]" a "30-day [statutory] limit on detention," rendering the nature of the order and any extenuating circumstances or other considerations giving rise to the order potentially relevant to this appeal. Because that gap in the record may obscure circumstances potentially relevant to the issue J.S. raises, we decline his invitation to reach the merits of the appeal and leave the legal issue to be addressed and resolved in a more appropriate case. *See Angilau v. Winder*, 2011 UT 13, ¶¶ 25–26, 29, 248 P.3d 975 (explaining that an appellate court will apply the public interest exception and reach a moot issue only if it "is appropriate to do so in a particular case," and declining to address a claim under the public interest exception because the briefing and the record were inadequate).

---

3. Although our supreme court has expressed disfavor for the term "public interest exception," we use the term "only to differentiate this exception to the mootness doctrine from the collateral consequences exception to the doctrine." *See N.F. v. G.F.*, 2013 UT App 281, ¶ 8 n.2, 316 P.3d 944 (citing *Utah Transit Auth. v. Local 382 of the Amalgamated Transit Union*, 2012 UT 75, ¶ 33, 289 P.3d 582).

¶14    In short, we conclude that the issue raised in this case is moot, and we decline J.S.'s invitation to apply any exception to the mootness doctrine. Accordingly, we dismiss this appeal.

———————