*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2018 UT 41**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

MIGUEL HERNANDEZ,
*Appellant.*

No. 20160671
Filed August 14, 2018

On Appeal of Interlocutory Order

Fourth District, Utah County
The Honorable Judge Claudia Laycock
No. 161400040

Attorneys:

Sean D. Reyes, Att'y Gen., Tera J. Peterson, Asst. Solic. Gen.,
Salt Lake City, Christine Scott, Provo, for appellee

Joshua S. Baron, Salt Lake City, for appellant

JUSTICE PEARCE authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS, and JUSTICE PETERSEN joined.

JUSTICE PEARCE, opinion of the Court:

## INTRODUCTION

¶ 1   The State has charged Miguel Hernandez with aggravated sexual abuse of a minor. Hernandez subpoenaed his alleged victim to testify at his preliminary hearing. The district court quashed the subpoena and bound Hernandez over for trial. Hernandez appeals the decision to quash the subpoena, but not the district court's determination that probable cause existed for him to face trial. Hernandez's gambit creates a procedural quandary. The decision Hernandez appeals has been mooted by the subsequent bindover. And we lack jurisdiction to consider the decision Hernandez has not

appealed. For these reasons, we must dismiss this appeal and await another opportunity to answer the question we granted interlocutory review to address.

## BACKGROUND

¶ 2  The facts necessary to understand our disposition of this matter are simple and few. The State charged Hernandez with ten counts of aggravated sexual abuse of a minor. Hernandez sought to subpoena the alleged victim (Victim) to testify at the preliminary hearing.[1] The State moved to quash that subpoena, arguing that calling the witness would violate her constitutional rights, and would "eviscerate" Utah Rule of Evidence 1102 and Utah Rule of Criminal Procedure 15.5. The court quashed the subpoena. Hernandez requested a stay so he could appeal that decision. The district court denied the stay. The court held the preliminary hearing that day and bound Hernandez over for trial.

¶ 3  Hernandez sought interlocutory appeal of the order quashing the subpoena, but not the bindover. He "petition[ed] this [c]ourt for permission to appeal from an order entered . . . granting the State's Motion to Quash the Subpoena served by the Defendant on the alleged child victim." Hernandez attached only the order quashing the subpoena, and asked "this Court [to] order the trial court to enforce his subpoena of the alleged victim and to reopen the preliminary hearing to permit [Hernandez] to call [Victim] as a witness."

¶ 4  In its briefing opposing interlocutory review, the State argued that the district court's decision to bind Hernandez over for trial had mooted its prior decision to quash the subpoena. We granted the petition for interlocutory appeal, but asked the parties to address the State's concerns. We instructed:

> Recently, this Court granted the petition for interlocutory appeal in this case. In its response, the State asserted the petition is moot because Petitioner was bound over and did not file a motion to quash. In their briefing on the merits the parties are requested to

---

[1] We understand that the charges against Hernandez have not been adjudicated and that therefore the allegations against him remain allegations. By referring to Hernandez's alleged victim as Victim, we do not suggest that we have concluded Hernandez committed the crimes with which he has been charged.

address that contention and the Petitioner's assertion that a district court may reopen a preliminary hearing after a defendant has been bound over.

¶ 5   Hernandez asserted that the case was not moot because if the court reopened the preliminary hearing, the "requested relief will affect the defendant's rights." The State reworked Hernandez's argument for him, arguing that although "not expressly cast in these terms, [Hernandez] essentially asserts that he had a right to discover the child victim's testimony by forcing her to testify at the preliminary hearing . . . ." And if discovery is the defendant's goal, the State argues, this appeal is not moot.[2]

¶ 6   But at oral argument, defendant's counsel waived off the State's attempt to reframe and argued that Hernandez did not want to discover Victim's testimony. Instead, Hernandez doubled down on the argument that he wanted the testimony on the preliminary hearing record because it was germane to the probable cause determination. Indeed, when asked if Hernandez wanted to call the alleged victim to discover her testimony, counsel responded: "No. It's not for discovery."[3]

## ISSUES AND STANDARD OF REVIEW

¶ 7   We must determine whether the bindover decision mooted the decision to quash the subpoena. We must also address whether we have jurisdiction to reach that bindover decision. "Whether jurisdiction to reach the merits of an appeal 'exists is a question of law which we review for correctness, giving no deference to the court below.'" *A.S. v. R.S.*, 2017 UT 77, ¶ 8, 416 P.3d 465 (citation omitted).

---

[2] To be clear, the State does not believe that Hernandez is entitled to that discovery. The State merely notes that the question of whether Hernandez was entitled to use the preliminary hearing for discovery purposes would not be moot.

[3] The Utah Crime Victims Legal Clinic and the National Crime Victim Law Institute (Amici) filed an amicus curiae brief on behalf of the alleged victim. Among other arguments, Amici urged us to treat defendant's petition for review as an appeal of the bindover.

## ANALYSIS

¶ 8   "An appeal is moot if . . . the relief requested [is] impossible or [has] no legal effect." *In re Adoption of L.O.*, 2012 UT 23, ¶ 8, 282 P.3d 977 (citation omitted). The defendant asks us to permit him to call Victim as a witness at his preliminary hearing. He has clarified that his sole purpose in questioning her is to uncover testimony that could affect the probable cause determination. But he has not appealed the bindover. This means that Hernandez is appealing in hopes of adducing evidence that might change a determination that has already been made and has not been appealed. Because Hernandez has not appealed the bindover decision, reversing the district court's decision—if we were to reverse—would have "no legal effect" on the existing bindover decision. *Id.* And that is the definition of mootness.

¶ 9   In fairness to Hernandez, an untested assumption skulks beneath his arguments. Hernandez assumes that if we reverse the motion to quash the subpoena, the district court could reopen the preliminary hearing.[4] But he offers no rule, statute, or case to support this proposition. We were not willing to join Hernandez—and the State—in assuming the answer to the question and asked for briefing on the topic. Specifically, we asked the parties to address "Petitioner's assertion that a district court may reopen a preliminary hearing after a defendant has been bound over." Neither Hernandez nor the State indulged our request and, without the benefit of briefing, we are unwilling to opine on whether the district court could revisit an unappealed bindover decision in circumstances like these.[5]

¶ 10 Amici offer us another possible way to reach the merits. Amici point to the public interest exception to mootness. We have noted that our cases "establish that a matter that appears moot may nonetheless be decided by the court if it (1) presents an issue that

---

[4] The obverse assumption runs under the State's mootness argument.

[5] The State argues that because Hernandez "does not challenge the preliminary hearing's outcome, he has effectively conceded that reopening the hearing to hear the victim's testimony will not affect that outcome." Because we conclude the question is moot, we need not resolve whether Hernandez's decision to not appeal the bindover can be construed as a concession.

affects the public interest, (2) is likely to recur, and (3) because of the brief time that any one litigant is affected, evades review." *Utah Transit Auth. v. Local 382 of the Amalgamated Transit Union*, 2012 UT 75, ¶ 32, 289 P.3d 582. But Amici's entire argument that these cases will evade review relies on one premise—that if we decide this case is moot, a bindover would "block[]" review of subpoenas. Hernandez appears to labor under the same misconception, arguing that "[i]f the Court holds that an order quashing a preliminary hearing subpoena cannot be reviewed once bindover takes place, the Court will render Rule 7 [of the Utah Rules of Criminal Procedure] meaningless." But the only impediment to review is Hernandez's decision to not appeal the bindover. If Hernandez had sought review of the bindover *and* the motion to quash, we could address the district court's decision to quash the subpoena and the effect of that decision on the district court's determination that probable cause existed that a crime had been committed and Hernandez committed it.[6]

¶ 11 Amici also assert that we could simply treat Hernandez's appeal as an appeal of the bindover. But in *In re Adoption of B.B.*, a majority of this court concluded that "[a]n order not identified in the notice of appeal falls beyond our appellate jurisdiction. And the failure to identify an order is a non-waivable (jurisdictional) defect." 2017 UT 59, ¶ 106, 417 P.3d 1. We further stated that "[u]nder our longstanding rules the appellant bears the burden of identifying any and all orders being challenged on appeal." *Id.* ¶ 108. We rested this decision on the notion that "[t]he object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case. [The] [r]espondent is entitled to know specifically which judgment is being appealed." *Id.* ¶ 107 (quoting *Jensen v. Intermountain Power Agency*, 1999 UT 10, ¶ 7, 977 P.2d 474). Although *Jensen* and *In re Adoption of B.B.* concerned a notice of appeal, the same policy applies to a petition for interlocutory appeal.

---

[6] In support of their argument, Amici also argue that "[a]s part of the Victims' Rights Act, the Legislature has directed that '[a]n appellate court shall review all properly presented [crime victims'] issues, including issues that are capable of repetition but would otherwise evade review.'" (Second and third alterations in original) (quoting UTAH CODE § 77-38-11(2)(c)). And so we shall. But the issue before us, as discussed above, is not "properly presented." UTAH CODE § 77-38-11(2)(c).

¶ 12 Hernandez did not identify the bindover decision in his petition. Therefore, under the logic of *In re Adoption of B.B.,* we lack appellate jurisdiction to review that decision. *See id.* ¶ 106.

¶ 13 Amici argue that we could simply treat Hernandez's appeal of the motion to quash as an appeal of the bindover. And that no "specific rule of appellate procedure blocks the Court from granting [Hernandez] the relief he requests." Amici are correct, but no specific rule authorizes it either. And Amici cite no authority to support the proposition that we could treat the appeal of one motion as an appeal of another. But, prior to *In re Adoption of B.B.,* we had, in some circumstances, relieved a party of a mistake in its notice of appeal. For example, we have reasoned that a party could appeal an order not specifically designated in the notice of appeal because "the appealing party's intent [was] clear and the appellee suffer[ed] no prejudice . . . ." *Kilpatrick v. Bullough Abatement, Inc.*, 2008 UT 82, ¶ 15, 199 P.3d 957.

¶ 14 Before we could use *Kilpatrick* to bail an appellant out, we would need to confront two issues. First, we would need to confront whether *In re Adoption of B.B.'*s holding—that a defective notice of appeal robs this court of appellate jurisdiction—leaves room for us to treat an appeal of one order as an appeal of another in certain circumstances (where the appellee would suffer no prejudice, for example). *See In re Adoption of B.B.*, 2017 UT 59, ¶ 106 ("An order not identified in the notice of appeal falls beyond our appellate jurisdiction. And the failure to identify an order is a non-waivable (jurisdictional) defect."). Second, unlike in *Kilpatrick,* Hernandez did not intend to appeal the bindover decision and, in fact, doggedly insists that he is not appealing that decision. As such, even if *Kilpatrick* survives *In re Adoption of B.B.,* this case can be distinguished from *Kilpatrick*.

¶ 15 Hernandez did not appeal the bindover decision and, in the absence of compelling argument that we have the ability to relieve Hernandez of that choice's consequences, we lack jurisdiction to address that decision.

## CONCLUSION

¶ 16 Hernandez decided to appeal the motion to quash a subpoena to force Victim to testify at his preliminary hearing, but not the decision to bind him over for trial. Hernandez did not, even in response to our request, brief the question of whether the district court could reopen his preliminary hearing. In the absence of such briefing, we conclude that the record before us demonstrates that

the motion to quash is moot because nothing we could do with that motion on appeal would affect the unappealed bindover decision. We also conclude that we are without jurisdiction to reach the bindover decision. We dismiss this interlocutory appeal and remand.

———————