**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38578**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Opinion No. 27 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL G. LONG, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge; Hon. Eugene A. Marano, Magistrate.

Appeal from order, on intermediate appeal, reversing judgment of acquittal, <u>dismissed</u>.

Starr Kelso, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

GUTIERREZ, Judge

Michael G. Long appeals from the district court's intermediate appellate order reversing his judgment of acquittal for misdemeanor charges of recreational trespass and unlawful possession of wildlife. We conclude the appeal is moot and dismiss the appeal.

**I.**

**FACTS AND PROCEDURE**

Officer Dave Overman of the Idaho Department of Fish and Game and another officer overheard shots being fired in an area they knew was posted as private property or archery only. Upon arriving in the area, which was part of approximately ninety-five, privately-owned acres, they found Long crouching in the bushes with a rifle near a dead whitetail buck. Behind Long was a "No Hunting" sign, which was visible from his location and from the road. Another sign near the area stated "No Hunting without Written Permission." Long did not know the owner and had not been given permission to hunt on the property. After being contacted by a

1

conservation officer, the landowner agreed to sign a complaint. Long was cited for recreational trespass, Idaho Code § 36-1603(a), and unlawful possession of wildlife, Idaho Code § 36-502(b).

The case proceeded to trial and after completion of the evidentiary portion, the magistrate granted Long's motion for judgment of acquittal pursuant to Idaho Criminal Rule 29(a). Based on the magistrate's interpretation of the recreational trespass statute, it concluded insufficient evidence existed for the jury to conclude Long violated the statute. The State appealed. At the conclusion of oral argument, the district court indicated it disagreed with the magistrate's interpretation of the statute, but would affirm the judgment of acquittal on an alternate ground--namely, that the recreational trespass statute was not a criminal statute and could not form the basis of a criminal charge. However, several days later, the district court issued a written memorandum decision and order, reversing the judgment of acquittal. The district court wrote that, in researching the issue, it came across Idaho Code § 36-1401(b), which makes it clear that recreational trespass is a criminal offense. Long appealed the district court's order, on intermediate appeal, reversing the judgment of acquittal.

While this appeal was pending, the Idaho Supreme Court issued *State v. Howard*, 150 Idaho 471, 248 P.3d 722 (2011), holding that a trial court's dismissal of a felony driving under the influence (DUI) enhancement following a bench trial constituted an "acquittal," such that double jeopardy barred Howard from being retried, even though the trial court's basis for the dismissal was erroneous. In light of *Howard*, this Court ordered the parties to submit supplemental briefing on the effect of the judgment of acquittal in this case to the instant appeal. Both parties complied.

## II.

## ANALYSIS

Although Long continues to assert his substantive issues on appeal, we conclude the effect of the judgment of acquittal is dispositive. Thus, we need not reach the remaining issues.

In its supplemental brief, the State concedes that while review of the applicable law (presumably *Howard*) shows that Long cannot be retried, any claim that double jeopardy bars the appeal is waived and, even if this court reaches the merits of the issue despite the waiver, application of the relevant law shows there is no bar to the appeal. Even assuming the State's assertions in this regard are correct, these arguments fail to address what we perceive to be the real issue in this case--whether, where the practical effect of a reversal or an affirmance by this

2

Court is the same, the issue is moot. In other words, the State focuses solely on whether double jeopardy itself precludes this appeal. However, even if the State is correct in its assertion that the appeal itself is not barred by double jeopardy,[1] the salient issue involves the combination of the double jeopardy principle, with an additional, separate principle applicable to appellate law--namely, the doctrine of mootness. *See* James A. Strazzella, *The Relationship of Double Jeopardy to Prosecution Appeals*, NOTRE DAME L. REV., Nov. 1997, at 1, 5. In this sense, double jeopardy is only relevant in our analysis to the extent that it precludes retrial of Long at the trial court level, with the key issue being whether the fact that Long cannot be retried on the charge renders the appeal moot.

Under the mootness doctrine:

This Court may dismiss an appeal when it appears that the case involves only a moot question. A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome.

*State v. Manzanares*, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012) (quoting *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000)). *See also State v. Manley*, 142 Idaho 338, 343, 127 P.3d 954, 959 (2005). There are three exceptions:

(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest.

*Koch v. Canyon Cnty.*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008) (quoting *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851-52, 119 P.3d 624, 626-27 (2005)). *See also State v. Hoyle*, 140 Idaho 679, 682, 99 P.3d 1069, 1072 (2004). Here, it is clear that no matter our decision on the merits of this case, Long could not be be retried on the charge, and therefore, any decision on the merits of the issues on appeal would have no practical effect. Thus, we conclude the issue is moot and proceed to an inquiry as to whether we should nevertheless address the substantive issues advanced by the parties.

---

[1] Indeed, the applicability of double jeopardy to appellate proceedings is suspect. *See* James A. Strazzella, *The Relationship of Double Jeopardy to Prosecution Appeals*, NOTRE DAME L. REV., Nov. 1997, at 1, 2-3 (noting the appeal itself does not subject a defendant to a "second jeopardy").

Idaho appellate courts have often declined to address the merits of an issue where the practical effect of the appellate opinion is merely advisory. Recently in *Manzanares*, 152 Idaho 410, 272 P.3d 382, Manzanares was charged with two felonies under Idaho's Criminal Gang Enforcement Act: one alleging she had recruited a criminal gang member and the other alleging she had supplied a firearm to a gang member. In exchange for dismissal of the firearm charge, she pled guilty to the recruiting charge. On appeal, however, she challenged the constitutionality of both provisions. She contended the appeal regarding the firearm portion of the statute was not moot because if the Supreme Court was to hold in her favor on one of the issues related to the recruiting charge, she would be able to withdraw her guilty plea, in which case the State would be free to refile the firearm charge. While acknowledging the State could potentially refile the firearm charge, the Supreme Court concluded the firearm charge issues were moot and declined to consider them because any rulings on those issues would have *no practical effect on the instant appeal* and would constitute an impermissible advisory opinion. *Id.* at 419, 272 P.3d at 391. The Court also rejected Manzanares' argument that she had specifically reserved the right to appeal the firearm charge issues in her conditional plea agreement, holding that parties cannot agree to confer *jurisdiction* on a court, and therefore, even if the conditional plea agreement purported to reserve the issues for appeal, the Court was nevertheless without jurisdiction to consider the issues. *Id. See also State v. Barclay*, 149 Idaho 6, 9, 232 P.3d 327, 330 (2010) ("In effect, the State is asking this Court to issue an advisory opinion in order to avoid the issue in future cases; an exercise this Court will not undertake."); *State v. Hoffman*, 104 Idaho 510, 512, 660 P.2d 1353, 1355 (1983) ("Furthermore, the defendant has now been acquitted by reason of mental disease or defect of the charges contained in the information, thus rendering this matter moot."). *Cf. State v. Shelton*, 692 N.E.2d 947, 949 (Ind. Ct. App. 1998) (noting that where a defendant has been acquitted, while the issue addressed on appeal is moot, the court would nonetheless address it pursuant to *state statute* allowing the court to address such issues "to provide guidance to the trial courts in future cases"); *State v. Stewart*, 763 P.2d 572, 576 (Kan. 1988) (implicitly recognizing that such an appeal is moot, but noting that these appeals are specifically allowed by *state statute* to address a "question of statewide interest, the answer to which is essential to the just administration of criminal law").

On the other hand, the Idaho Supreme Court has addressed some moot issues, even where no exception to the mootness doctrine applied. In *Howard*, 150 Idaho at 475, 248 P.3d at 723,

4

the trial court dismissed the defendant's felony DUI enhancement after finding that a previous judgment from California could not be given full faith and credit. When the State appealed, Howard argued the appeal should be dismissed because it (1) violated the double jeopardy clause, (2) was prohibited by the appellate rules, and (3) was moot. *Id*. However, even recognizing that Howard could not be retried, but without discussing whether the issue was moot, the Supreme Court proceeded to address the merits of the evidentiary issue, finding the district court had erred in excluding the evidence. *Id*. at 482, 248 P.3d at 733. Similarly, in *State v. Huggins*, 105 Idaho 43, 44, 665 P.2d 1053, 1054 (1983), the Supreme Court considered an appeal from this Court's decision affirming a judgment of acquittal of a defendant charged with assault with intent to rape. The Court noted that the sole issue presented was whether, under the circumstances of that case, the State bore the burden of proving the absence of a marriage status between the victim and the defendant, and stated that it had granted review since the question was one of first impression in Idaho. While reversing, the Court noted that this Court had held the State was barred under double jeopardy principles from retrying the defendant and, since the State did not raise that ruling as error, the State was foreclosed from reprosecuting the defendant. Thus, the Court surmised, "In a sense, our opinion today is advisory," *id.*, but went on to address the issue. *See also State v. Alanis*, 109 Idaho 884, 887, 712 P.2d 585, 588 (1985) (proceeding to address the merits of the grant of the motion to suppress despite holding that the judgment of acquittal, granted after the motion to suppress was granted, could not be appealed).

It is apparent from these cases that our Supreme Court has both issued, as well as declined to issue, advisory opinions largely without articulating its basis for doing so. Since we can ascertain no basis for this Court to issue such an advisory opinion, and where neither party has provided a basis for application of an exception to the mootness doctrine, we will not address the merits on appeal. The appeal from the district court's intermediate appellate order reversing the judgment of acquittal is dismissed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

5