# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 41962/41963

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 819 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KENTUCKY R. TRAMMEL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Appeal from order revoking probation and requiring execution of unified five-year sentence with two-year determinate term for possession of a controlled substance, dismissed for mootness.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In two separate cases, Kentucky R. Trammel was convicted of two counts of possession of a controlled substance, Idaho Code § 37-2732. The district court imposed concurrent, unified five-year sentences with two-year determinate terms, but suspended the sentences and placed Trammel on probation. Subsequently, Trammel was found to have violated several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Trammel filed both a motion to reduce his sentence pursuant to Rule 35 and an appeal. Pursuant to the Rule 35 motion, the district court modified Trammel's sentences by

1

placing him on retained jurisdiction. After the period of retained jurisdiction, the court placed Trammel back on probation.

Mindful that he is now on probation, Trammel nevertheless asserts that the district court abused its discretion by failing to initially reinstate his probation after the violations. The State asserts that the issue Trammel raises is moot because the district court already granted the relief to which he now claims he was entitled. We agree that the issue is moot.

"A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *State v. Long*, 153 Idaho 168, 170, 280 P.3d 195, 197 (Ct. App. 2012) (quoting *State v. Manzanares*, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012)); *see also State v. Gallipeau*, 128 Idaho 1, 5, 909 P.2d 619, 623 (Ct. App. 1994) (the claim of error on appeal was moot where a defendant had already obtained the requested relief from the district court pursuant to a Rule 35 motion).

Although the district court retained jurisdiction after ordering execution of Trammel's sentence, the district court subsequently placed Trammel on probation at the conclusion of the retained jurisdiction period. Therefore, even if this Court were to determine that the district court erred by revoking Trammel's initial probation, that would have no effect upon the outcome of the case because Trammel has already received from the district court the relief he requests on appeal.

This appeal is therefore dismissed because the only claim of error is moot.