IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 44778 & 44779

| STATE OF IDAHO, | ) | |
| | ) | Filed: June 29, 2018 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| KARLY IRENE ELWOOD, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgments of conviction for two counts of possession of a controlled substance and one misdemeanor count of possession of drug paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In two criminal cases that were consolidated on appeal, Karly Irene Elwood appeals from her judgments of conviction for two counts of possession of a controlled substance and one misdemeanor count of possession of drug paraphernalia. Elwood argues that the district court erred in denying her motion to enlarge the time to file a motion to suppress because she demonstrated good cause and excusable neglect. Elwood also contends that the district court erred when it alternatively denied her motion to suppress because the police illegally detained her without reasonable, articulable suspicion of criminal activity. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers responded to a report of suspicious activity at a vacant home that was being supervised by an out-of-state business and was for sale or lease by a separate company. Although the property appeared to be abandoned or vacant, there were drink cups and food items strewn about inside. Due to recent problems with crimes in vacant homes in the area, such as vagrancy, vandalism and drug use inside the homes, the officers checked the residence to make sure the doors were secure. While sitting in his patrol car completing his notes in relation to the suspicious activity call, one officer saw a vehicle park in front of the vacant home that he believed matched the description given by the person who called in the report; the driver committed a traffic infraction in the process. After the driver got out of the vehicle and approached the vacant home, the officer made contact with him. The driver told the officer he had been at the home earlier helping a friend move and told the officer that he could call someone who could confirm his explanation. The officer asked the driver to return to the vehicle and, after the driver did so, the officer made contact with the vehicle's three other occupants, including Elwood. At that time, the officer noted that Elwood appeared to be under the influence of narcotics.

The officer collected identification from all of the occupants and moved his patrol car behind the vehicle and activated his overhead lights. When the officer was in his patrol car running the occupants' information through dispatch, he noticed furtive movements inside the vehicle that he believed were typical of those exhibited by individuals hiding contraband. While awaiting a response from dispatch, the officer deployed a drug canine around the vehicle and the canine alerted. During a subsequent interview, Elwood admitted she had two blue pills, which the officer identified as oxycodone. Following Elwood's admission regarding the pills, the vehicle was searched, including a purse belonging to Elwood. The purse contained a syringe with a brown liquid in it, foil with residue, and drug paraphernalia. The State charged Elwood with two counts of possession of a controlled substance, and Elwood received a citation for misdemeanor possession of drug paraphernalia.

Elwood filed a motion to suppress, asserting she was unlawfully detained. Because Elwood's motion to suppress was untimely under I.C.R. 12(d), she also filed a motion to enlarge

2

time. The State objected to the motion on timeliness grounds and on the merits. At the hearing on Elwood's motions, the district court took the issue of timeliness under advisement, noted it may not grant Elwood's motion to enlarge time, and then heard testimony regarding the merits of the motion to suppress. The district court subsequently entered a written decision denying Elwood's motion to enlarge time, finding that neither good cause nor excusable neglect supported Elwood's failure to timely file her motion to suppress. The district court alternatively held that, even if timely filed, the motion would have been denied.

Following the denial of her motions to enlarge time and suppress, Elwood entered a conditional guilty plea to possession of drug paraphernalia and two counts of possession of a controlled substance, reserving her right to appeal the district court's denial of her motions. The district court withheld judgment and placed Elwood on probation for the two counts of possession of a controlled substance and gave Elwood credit for time served for the possession of drug paraphernalia. Elwood appeals.

## II.

## ANALYSIS

Elwood asserts that the district court erred in denying her motion to enlarge the time to file a motion to suppress because she demonstrated good cause and excusable neglect. Specifically, Elwood contends the motion to enlarge time should have been granted because her attorney's failure to timely file was excusable neglect in light of the attorney's excessive caseload, and that the interests of judicial economy constitute good cause. The State argues that it was within the district court's discretion to deny Elwood's motion to enlarge time and that the district court properly denied Elwood's motion to suppress because the officer had reasonable, articulable suspicion to detain Elwood and the other occupants in the vehicle. We affirm the district court's denial of Elwood's motion to enlarge time. As such, we need not address whether the district court erred in denying Elwood's motion to suppress.

Idaho Criminal Rule 12 governs the time limits for filing pretrial motions, including motions to suppress evidence. Motions to suppress evidence must be filed within twenty-eight days of the entry of a plea of not guilty unless the court, in its discretion, shortens or enlarges the time. I.C.R. 12(d). The trial court may relieve a party of failure to comply with this deadline for good cause shown or for excusable neglect. I.C.R. 12(d). The burden of showing good

3

cause or excusable neglect is on the party who has missed the prescribed deadline. *State v. Gleason*, 130 Idaho 586, 591, 944 P.2d 721, 726 (Ct. App. 1997). The power to extend or shorten the required time under I.C.R. 12(d) is discretionary. *State v. Alanis*, 109 Idaho 884, 888, 712 P.2d 585, 589 (1985). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Elwood does not dispute that her motion to suppress was untimely. Under I.C.R. 12(d), Elwood's motion to suppress was due May 27, 2016; however, Elwood did not file her motion to suppress until June 23, 2016. Because the motion was untimely, Elwood also filed a motion to enlarge time with a supporting affidavit from her attorney. In the affidavit, Elwood's attorney stated, in relevant part, that: (1) her caseload was "extremely high," with approximately 140 active cases; (2) she did not calendar the pretrial motion deadline in Elwood's case; and (3) her last contact with Elwood was April 12, 2016, and "combined with" her failure to calendar the deadline, "the suppression deadlines in this case were inadvertently missed." At the hearing on the motion to enlarge time and motion to suppress, Elwood's counsel reiterated the contents of her affidavit as grounds to enlarge time and added that she still had not had contact with Elwood on June 23, which was the date counsel filed the motions to enlarge time and suppress. Counsel explained, as she did in her affidavit, that "with the lack of contact" and the failure to calendar, she "missed the deadline."

The district court denied Elwood's motion to enlarge time. In reaching this conclusion, the district court recognized the issue was discretionary; found the delay in filing was substantial; and that, although sympathetic to counsel's caseload, her caseload did not constitute good cause or excusable neglect. The district court observed that, if an attorney's caseload were sufficient to excuse an untimely motion, "good cause and excusable neglect would exist for untimely motions in virtually all criminal cases being handled by the public defender's office in th[e] county." The district was "also not persuaded that counsel's lack of contact with" Elwood excused counsel's failure to file a timely motion because "counsel conceded that essentially no effort was made to

4

contact" Elwood prior to the pretrial motion deadline. Moreover, the district court noted, Elwood's counsel had sufficient information to file the motion without Elwood's input. The district court therefore concluded that, because Elwood did not demonstrate good cause or excusable neglect for failing to comply with the I.C.R. 12(d) deadline, her motion to suppress must be denied as untimely.[1]

Elwood asserts the district court abused its discretion in denying her motion to enlarge time because it did not act consistently with applicable legal standards when it failed to recognize "the neglect displayed was excusable." Elwood also asserts the district court abused its discretion because "judicial economy would have been best served by the district court hearing the motion to suppress." In support of her judicial economy argument, Elwood explains that, if her appeal is unsuccessful, she "can pursue an otherwise unnecessary post-conviction action" where she can "easily" establish deficient performance. Appellate court review is limited to the evidence, theories, and arguments that were presented to the trial court. *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). Unpreserved issues generally may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Because Elwood did not advance her judicial economy argument to the district court, we will not consider it on appeal other than to note that Elwood cites no authority to support the proposition that a trial court abuses its discretion when it enforces a deadline even though a post-conviction action may result. To the contrary, allowing untimely motions to be heard even if they appear meritorious eviscerates the purpose of the rule. *State v. Dice*, 126 Idaho 595, 597, 887 P.2d 1102, 1104 (Ct. App. 1994).

Turning to Elwood's excusable neglect claim, we find no abuse of discretion. On appeal, Elwood focuses on her attorney's caseload as the basis for the attorney's failure to timely file and contends that, by not granting the motion to enlarge time, the district court "effectively punished" Elwood "for the struggling public defense system." Although defense counsel referenced her high caseload in both her affidavit and at the hearing on the motion, she stated that she missed the deadline because she failed to calendar it. The failure to calendar, coupled

---

[1] Although the district court alternatively addressed the merits of Elwood's motion to suppress, the district court stated it did so in the event an appellate court subsequently determined the district court erred on the timeliness issue.

with the lack of contact with Elwood, resulted in an untimely motion to suppress. The district court considered all of the reasons offered to justify the untimely motion, including defense counsel's caseload, and concluded they were insufficient for purposes of finding good cause or excusable neglect in this case. There is no applicable legal standard which required the district court to reach a different conclusion. *See Dice*, 126 Idaho at 597, 887 P.2d at 1104 (holding that, if no good cause or excusable neglect is established to the satisfaction of the district court, an untimely motion to suppress should not be heard). Accordingly, we hold that the district court did not abuse its discretion in denying Elwood's motion to enlarge time.[2]

### III.

### CONCLUSION

The district court did not abuse its discretion in finding no excusable neglect or good cause to enlarge the time to file a motion to suppress. Elwood's judgments of conviction for two counts of possession of a controlled substance and one misdemeanor count of possession of drug paraphernalia are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[2] Elwood also contends that the motion to enlarge time was either implicitly granted or became moot once the district court proceeded with the hearing on the motion to suppress. We reject both arguments. Before hearing evidence on the merits of the suppression motion, the district court expressly stated it was taking the motion to enlarge time under advisement and notified the parties that it "still may not grant the motion." Elwood's claim that the district court implicitly granted a motion it expressly stated it was taking under advisement and "may not grant" is without merit. Elwood's mootness argument also lacks merit because resolution of the timeliness issue is a justiciable controversy that affects the outcome of this appeal. *See State v. Long*, 153 Idaho 168, 170, 280 P.3d 195, 197 (Ct. App. 2012) (defining a moot case as one that presents no justiciable controversy).