# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48733

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 16, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ANDREW DEWEY GIDDINGS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Judgment of conviction for forgery and grand theft, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Andrew Dewey Giddings appeals from his judgment of conviction for forgery, Idaho Code § 18-3601; and grand theft, I.C. § 18-2403. Giddings challenges the district court's denial of his request to continue the probation violation disposition hearing which was made after his probation was revoked and original sentence had been executed. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Giddings pled guilty to forgery and grand theft. The district court sentenced him to a unified term of ten years with four years determinate and retained jurisdiction. Following completion of the period of retained jurisdiction, the district court suspended Giddings' sentence and placed him on probation. Thereafter, Giddings admitted to violating the terms of his probation,

1

and the district court ordered another period of retained jurisdiction, after which the court again suspended his sentence and placed him on probation.

The State filed a second motion for probation violation, alleging Giddings violated the terms of his probation by continuing to use drugs and failing to report for treatment. Giddings initially denied the allegations and the matter was set for an evidentiary hearing. The evidentiary hearing never occurred because Giddings requested to go directly to disposition during a status conference. At the hearing, Giddings first admitted the probation violations and then the district court proceeded to disposition. Ultimately, the district court revoked Giddings' probation and executed the underlying sentence. The district court then advised Giddings of his appellate rights and inquired if there were further matters. Giddings addressed the district court and expressed confusion regarding the ability to discuss the matter with his lawyer and the purpose of the hearing. A discussion ensued and Giddings requested a continuance which the district court denied.

Giddings timely appeals, arguing that the district court abused its discretion when it denied the request to continue.

## II.

## ANALYSIS

The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Giddings argues that the district court abused its discretion when it denied his request for a continuance. Giddings contends that a comment made by the district court at the conclusion of the discussion in which Giddings requested a continuance indicates that the district court did not believe it still had jurisdiction and, therefore, lacked discretion to entertain the motion. At the conclusion of the status conference the following exchange occurred:

COURT:        Anything else?
DEFENDANT:    Your Honor?
COURT:        Yes, Mr. Giddings.

2

DEFENDANT: I guess I don't understand what--the discussion that I had with [my counsel], I didn't understand what we were doing today.

COURT: -- sir?

DEFENDANT: I thought I was going to have ample opportunity to speak with him before we make any more decisions based on this case. I didn't know what we were doing. And I--I haven't even talked to him about what it means to admit.

I guess this was a status conference. I didn't know that it was--I guess I'm confused right now on what the purpose of this hearing was.

COURT: Well, we've had an admit/deny hearing in this matter, Mr. Giddings, where the Court went over your rights. You denied those twice. There was then an indication there was going to be a disposition hearing, and at such, the Court indicated that.

There was an oversight where we did not do the admissions and, like I said, so we went back and did the admissions. The Court had reviewed those rights before. And then we proceeded to disposition.

So, if you wish to appeal, you can. You have 42 days in which to do so.

DEFENDANT: But--

COURT: The Court has imposed the original sentence, given you credit for the time that you have served.

DEFENDANT: But--I'm sorry. Mr. [attorney] I thought we were going to speak more about this after court today.

ATTORNEY: Mr. Giddings, if you like, you can make an appointment with me. I don't want--

DEFENDANT: So--

ATTORNEY: -- to discuss our previous discussion in open court here. Okay?

DEFENDANT: Okay.

ATTORNEY: So if you would like to make an appointment with me, do so, but you have the right to appeal. That is 42 days, as the Court has ordered, so that time frame starts effective tomorrow.

DEFENDANT: Well, now can we just continue this court--can we just continue this court date out, because I guess I was very confused on what we're doing right now.

COURT: Where at this point, the Court has imposed the original sentence, then the Department of Corrections has jurisdiction. That will be the order of the court. We'll be in recess on this matter. You may be excused, Mr. Giddings. Thank you, sir.

Giddings argues that the district court's statement "Where at this point, the Court has imposed the original sentence, then the Department of Corrections has jurisdiction" indicates that

3

the district court did not believe it could continue the matter. Giddings points out that prior case law establishes that the district court retains jurisdiction until the Idaho Department of Correction (IDOC) takes physical custody of the defendant. Thus, the district court failed to realize that it still had jurisdiction and, therefore, the discretion to continue the hearing since IDOC had not yet taken physical custody of Giddings. The State acknowledges that a district court retains jurisdiction until the defendant is placed in the physical custody of IDOC. *State v. Williams*, 126 Idaho 39, 43, 878 P.2d 213, 217 (Ct. App. 1994). The State does not dispute that Giddings was not yet in the physical custody of IDOC at the time he requested a continuance. Consequently, the district court still had jurisdiction and the discretion to grant or deny Giddings' request.[1]

Assuming, arguendo, that the comment demonstrates the district court failed to recognize its authority, then the district court abused its discretion under the first prong of the abuse of discretion standard. However, Giddings has failed to demonstrate that any harm occurred from any such abuse of discretion and furthermore, failed to show prejudice from the denial of his continuance.

Idaho Criminal Rule 52 provides that "any error, defect, irregularity or variance that does not affect substantial rights must be disregarded." The Idaho Supreme Court has said that the I.C.R. 52 standard is equivalent to the ordinary harmless error analysis: "If a substantial right is not affected, an abuse of discretion may be deemed harmless." *State v. Parker*, 157 Idaho 132, 140, 334 P.3d 806, 814 (2014) (internal citations and quotations omitted). "In the context of a motion for a continuance, an appellant must show that his or her substantial rights were prejudiced by reason of the denial of a motion for continuance." *State v. Thorngren*, 149 Idaho 729, 736, 240 P.3d 575, 582 (2010).

The State points out the district court had already pronounced its disposition prior to Giddings' request to continue. Moreover, the State argues Giddings neither filed a motion to reconsider nor argued his request for a continuance should be interpreted as such. With this in mind, the State contends there was nothing left for the district court to continue and the refusal to continue was harmless. We agree.

---

[1] The State argues that Giddings' claim is moot. Giddings' claim is not moot, since the district court had the discretion to grant or deny Giddings' request, there remained a legally cognizable interest. *See State v. Long*, 153 Idaho 168, 170, 280 P.3d 195, 197 (Ct. App. 2012).

4

Giddings argues a continuance would have provided him time to properly prepare for disposition, yet it was Giddings' counsel that requested the district court go to disposition during the status conference. Then Giddings' counsel argued on his behalf, requesting the district court not execute the sentence, but instead impose a "healthy sanction." Giddings heard both his counsel and the State argue whether he should remain on probation or have his underlying sentence executed so he knew what was at stake before he spoke on his own behalf. On appeal, Giddings lists what he could have done for disposition if the district court granted the continuance. What Giddings could have done does not conversely prove that he was not sufficiently prepared for disposition at the time it occurred, nor was it the basis of his request.

Giddings further argues that had the district court granted the continuance, it could have modified the terms of probation. The district court could have modified the terms of probation at the hearing. It was well within the district court's discretion to deny this request and impose the underlying sentence, which it ultimately did. Giddings has failed to show prejudice for the continuance being denied.[2]

### III.

### CONCLUSION

Any failure of the district court to recognize its discretion did not prejudice Giddings' substantial rights and was harmless. Accordingly, we affirm the judgment of conviction.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

---

[2] Although we have held that Giddings failed to demonstrate any prejudice, we briefly note that it is not entirely clear, at the time the district court made the comment, the district court perceived it had no jurisdiction or that was the import of the statement. The district court's comment could be fairly read as simply refusing to undo what has been done and simply referencing the natural sequence of transfer to Idaho Department of Correction rather than a ruling based on perceived lack of jurisdiction at the moment. The district court's language could, as Giddings argues, be read as referencing a lack of jurisdiction. We need not decide this question.