# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50287-2022

AMANDA MARIE MITCHELL,     )
       )
    Petitioner-Respondent,     )
       )
v.     )
       )
NICHOLAS RODDY RAMLOW,     )
       )
    Respondent-Appellant.     )
       )

**Coeur d'Alene, September 2024 Term**

**Opinion Filed: November 27, 2024**

**Melanie Gagnepain, Clerk**

---

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Scott L. Wayman, Senior District Judge.

The decision of the district court is <u>affirmed</u>.

Kevin J. Waite, P.C., Coeur d'Alene, for Appellant, Nicholas Roddy Ramlow. Kevin J. Waite argued.

Palmer, George, PLLC, Coeur d'Alene, for Respondent Amanda Marie Mitchell. Samantha R. Hammond argued.

---

MEYER, Justice.

This is an appeal from the district court's dismissal of Nicholas Roddy Ramlow's appeal of a civil protection order. The district court determined that the expiration of the underlying protection order rendered Ramlow's appeal moot. We affirm the district court's dismissal of Ramlow's appeal as moot and decline to award attorney fees on appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, Amanda Mitchell filed for a civil protection order against Ramlow based on allegations that he was stalking her. Mitchell and Ramlow were in an on-again-off-again relationship for several years and shared a son in common. At the time Mitchell requested the protection order, she was separated from Ramlow and engaged to another man. She maintained that Ramlow was tracking her movements by, among other things, placing a tracking device on her car and giving their son a smart watch with tracking capabilities. The magistrate court issued

1

a temporary ex parte protection order based on Mitchell's application and set the matter for a hearing on November 4, 2020.

During this time, mask mandates were in place due to the COVID-19 pandemic. The Kootenai County Courthouse required parties to wear a mask to enter the courthouse. On the day of the hearing, Ramlow appeared at the courthouse but was refused entry because he refused to wear a mask as required by the order then in effect. The hearing was rescheduled to November 18, 2020. Ramlow was not physically present at the rescheduled hearing; he again refused to wear a mask, and at the hearing it was unclear whether he left the courthouse of his own accord or if he had been taken into custody on an outstanding warrant. Nevertheless, the magistrate court held the hearing without Ramlow, and it did not permit Ramlow's attorney to argue against the protection order. The magistrate court issued the protection order for one year. The terms of the protection order required Ramlow to attend a 52-week domestic violence course and attend review hearings.

Ramlow filed a motion for reconsideration of the protection order in December 2020. Mitchell opposed the motion for reconsideration, which was denied following a hearing in March 2021. The motion for reconsideration and the magistrate court's decision are not part of the record on appeal. On April 14, 2021, Ramlow agreed to complete a 52-week domestic violence course and to attend all review hearings as part of his child custody agreement in a separate case. On April 23, 2021, Ramlow appealed the denial of his motion for reconsideration and the issuance of the protection order to the district court. The magistrate court extended the protection order through April 17, 2022, but it had expired by the time Ramlow's appeal was set for oral argument before the district court. As a result, the district court requested supplemental briefing from the parties on whether Ramlow's appeal was moot. After hearing oral argument on the merits of the appeal and reviewing the parties' supplemental briefing, the district court dismissed Ramlow's appeal as moot. On October 7, 2022, the district court issued its Order on Appeal, which held that the expiration of the underlying protection order mooted the appeal and that Ramlow failed to show that an exception to the mootness doctrine applied to preserve his appeal.

Ramlow timely appealed the district court's order. On appeal, Ramlow asks this Court to reverse the district court's ruling that his intermediate appeal was moot and to vacate the magistrate court's underlying protection order. He argues that the district court erred when it dismissed his appeal because he contends his appeal still presents justiciable issues and, in the alternative, he claims his appeal satisfies all three exceptions to the mootness doctrine. Ramlow also seeks an

award of attorney fees on appeal under Idaho Code section 12-121, and costs under Idaho Appellate Rule 41. Mitchell argues that the district court did not err in dismissing Ramlow's appeal as moot and seeks attorney fees on appeal under Idaho Code section 12-121, as well as costs on appeal under Idaho Code section 12-107.

## II.    STANDARD OF REVIEW

When this Court reviews the decision of the district court acting in its appellate capacity, we do not review the magistrate court's decision but are "procedurally bound to affirm or reverse" the district court. *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)).

A district court's mootness determination is reviewed de novo. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010).

## III.    ANALYSIS

### A. Ramlow's appeal is moot.

A case is considered moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Frantz v. Osborn*, 167 Idaho 176, 180, 468 P.3d 306, 310 (2020) (quoting *Farrell v. Whiteman*, 146 Idaho 604, 610, 200 P.3d 1153, 1159 (2009)). A case is also considered moot when a judicial determination "would have no effect either directly or collaterally on the plaintiff, the plaintiff would be unable to obtain further relief based on the judgment and no other relief is sought in the action." *Idaho Schools for Equal Educ. Opportunity ex rel. Eikum v. Idaho State Bd. of Educ. ex rel. Mossman*, 128 Idaho 276, 282, 912 P.2d 644, 650 (1996) (citation omitted). This Court may dismiss an appeal if it determines the appeal "involves only a moot question." *State v. Long*, 153 Idaho 168, 170, 280 P.3d 195, 197 (Ct. App. 2012) (quoting *State v. Manzanares*, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012)).

However, an appeal may survive even if it is moot so long as it falls within one of three recognized exceptions to the mootness doctrine: "(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest." *Koch v. Canyon County*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008) (quoting *AmeriTel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851–52, 119 P.3d 624, 626–27 (2005)).

We agree with the district court that Ramlow's appeal is moot. The protection order was the sole basis of Ramlow's intermediate appeal, and when it expired, Ramlow lost any legally cognizable interest in the outcome. Any judicial determination concerning the validity of the protection order would not affect Ramlow because the order was no longer enforceable, and Ramlow was no longer subject to its terms.

Nevertheless, because Ramlow contends that his appeal falls within all three exceptions to the mootness doctrine, we must determine whether his case satisfies one or more of those exceptions. For the reasons explained below, we conclude that Ramlow's appeal does not satisfy any exception to the mootness doctrine.

**B. Ramlow's appeal does not fall within the recognized exceptions to the mootness doctrine.**

Ramlow maintains that his appeal falls within all three exceptions to the mootness doctrine. In a one-sentence analysis, the district court concluded that Ramlow failed to establish that his appeal fell within an exception to the mootness doctrine. We will analyze each exception in turn. We note at the outset that there is some overlap between the *capable of repetition yet evading review* exception and the *public interest* exception.

*1. The* Capable of Repetition Yet Evading Review *exception does not apply in this case.*

The *capable of repetition yet evading review* exception to the mootness doctrine requires that the issue on appeal is both capable of repetition and likely to evade judicial review. *Ellibee v. Ellibee*, 121 Idaho 501, 503, 826 P.2d 462, 464 (1992) (citations omitted). The United States Supreme Court has noted that the doctrine "applies only in exceptional situations," *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974)), and is "limited to the situation where . . . (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to that same action again[.]" *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam) (remaining citations omitted).

We have considered otherwise moot appeals in the past "due to the abbreviated length of protection orders" when "the time period in which a person is affected may expire prior to judicial review," and "the controversy is susceptible to repetition yet avoiding review." *Ellibee*, 121 Idaho at 503, 826 P.2d at 464 (citations omitted). However, in *Ellibee*, the issues presented on appeal were also "quite likely to arise on future occasions" as they involved "the scope of the Domestic

Violence Act's application, and its requisite standard of proof." *Id.* In addition, the issues presented were "issues of substantial public interest" given that, at that time, the Domestic Violence Act was recently enacted and had not been interpreted by an Idaho appellate court. *Id.*

Ramlow raises two arguments to support his contention that his appeal falls under the *capable of repetition yet evading review* exception to the mootness doctrine. First, he argues that the short duration of protection orders makes challenges to their validity likely to evade review. He notes that protection orders "are typically issued for either 90 days or one year" and may or may not be renewed or extended beyond that timeframe. He is not wrong in this regard. Protection orders are of relatively short duration and can evade review when they expire before an appeal is complete. Ramlow emphasizes that the protected party can allow a protection order to expire during the pendency of an appeal by failing to request that the order be renewed. By emphasizing this, Ramlow implies that Mitchell harbored some kind of nefarious intent or ulterior motive by strategically declining to seek a second renewal or an extension of the civil protection order in this case, thereby rendering his appeal moot. There is no evidence in the record to support the view that Mitchell's failure to seek a second extension of the civil protection order was done with the intent to sabotage Ramlow's appeal.

As part of this argument, Ramlow references "challenged conduct" that is "capable of depriving a party of his visitation rights." He has not identified exactly what he claims *is* the "challenged conduct." The protection order was issued by the magistrate court based on allegations from Mitchell that Ramlow placed tracking devices on her car and on their son's smart watch, and that he was engaged in stalking behavior. Ramlow has suggested that the protection order that issued in this case was questionable; however, he did not provide this Court with a complete record of what occurred before the magistrate court. Because this Court received an incomplete record on appeal, we must assume that the record below supports the magistrate's decision to issue the civil protection order. *La Bella Vita, LLC v. Shuler*, 158 Idaho 799, 805, 353 P.3d 420, 426 (2015) ("When a party appealing an issue presents an incomplete record, this Court will presume that the absent portion supports the findings of the district court. We will not presume error from a silent record or from the lack of a record." (quoting *Gibson v. Ada County*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003)).

Even if the short duration of civil protection orders makes an appeal of the underlying order capable of evading judicial review, Ramlow has failed to show that the issues in his appeal are

5

capable of repetition because they are too fact specific. The facts underlying each civil protection order case are different, as is the corresponding evaluation of the magistrate court's decision whether to issue a civil protection order in a particular case. The discrete issues that Ramlow complains of are not likely to be raised in a similar way in future cases.

Other courts have followed this same line of reasoning when dealing with fact-specific appeals under this exception to the mootness doctrine. *See N.F. v. G.F.*, 316 P.3d 944, 947 (Utah Ct. App. 2013). Utah's version of the *public interest* exception to the mootness doctrine includes the *capable of repetition yet evading review* exception. *See id.* at 946. In *N.F.*, a grandmother appealed from a child protective order involving her minor grandchild. *Id.* at 945. The mother of the child argued that the grandmother's appeal was moot. *Id.* at 946. The Utah Court of Appeals determined the appeal was moot because the order had expired. *Id.* at 947. The grandmother attempted to challenge the expired order under the *public interest* exception, arguing that the district court had applied an overly broad interpretation of the statute when it issued the challenged order. *Id.* at 946–47. The Utah Court of Appeals disagreed, holding that the district court narrowly construed the statute and based its findings on the unique facts of the case. *Id.* It explained that the grandmother's appeal did not fall within the exception because it was not "'likely to recur in a similar manner' in future cases." *Id.* at 947. Specifically, it explained that "[b]ecause the factual underpinnings of each child abuse case are different and because such facts are necessarily the basis of the trial court's determination of whether a child is in imminent danger of being abused, the issues of which Grandmother complains are not likely to be raised in a similar manner in other future cases." *Id.* The Utah Court of Appeals cited cases from other jurisdictions that followed a similar analysis:

> *Cf. Putman v. Kennedy*, 297 Conn. 162, 900 A.2d 1256, 1265 n. 14 (2006) ("[A]lthough the defendant claims numerous due process and statutory violations, his pro se brief filed before the Appellate Court indicates that they all are rooted in the trial court's exercise of its discretion *with respect to the facts of these particular cases*, and his brief to this court, filed by counsel, does not indicate otherwise. Thus, although the 'capable of repetition, yet evading review' exception might well be applicable in a domestic violence restraining order case raising broader issues than those presented here, the Appellate Court properly concluded that the exception did not apply to this appeal."); *In re Jeffrey C.*, 64 Conn. App. 55, 779 A.2d 765, 772 (2001) (determining that an issue was "not capable of repetition" where the issue was limited "to the case at hand and preclude[d] any far reaching impact in future Juvenile Court proceedings"), *rev'd on other grounds*, 261 Conn. 189, 802 A.2d 772 (2002).

*Id.* (alteration in original). Similar fact-specific issues are at play in this case. Ramlow's appeal of the expired protection order does not raise the type of broad issues that are likely to recur in future cases.

Second, Ramlow argues that his exclusion from the courthouse, resulting from his refusal to comply with the mask-mandates in place during the COVID-19 pandemic, bring his appeal within the *capable of repetition yet evading review* exception. He asserts that the mask mandates were the result of judicial activism. He appears to claim that compliance with such mandates may give an "undue advantage" to individuals that comply with the mandates over individuals that seek to challenge the mandates, which he contends is a scenario that could arise again in the future. We are not persuaded by this line of argument. In this case, Ramlow is correct that he was unable to challenge the issuance of the protection order at the hearing before the magistrate below; however, his own choices led to that outcome. He decided not to wear a mask. He either left the courthouse of his own accord or was arrested on an outstanding warrant in another case. It is unreasonable to expect that the exact same mask mandates will be imposed in the event of a future pandemic. The mask mandates at issue in Ramlow's underlying case have long since expired, and the advent of treatment options has largely eliminated the need for the strict mandates employed in the early days of the pandemic. Circumstances on the ground have changed. While it is not outside the realm of possibility for another pandemic to occur, it is the first of its kind in the modern era and is unlikely to recur in the near future.

Other courts have taken a similar view when it comes to whether challenges to orders issued during the pandemic fall within the *capable of repetition yet evading review* exception to the mootness doctrine. In *Brach v. Newsom*, 38 F.4th 6, 11, 12 (9th Cir. 2022), the Ninth Circuit determined that a challenge to school closure orders issued during the pandemic was moot and did not fall under the *capable of repetition yet evading review* exception to the mootness doctrine. The Ninth Circuit looked to the fact that the challenged school closure statutes "included a sunset provision so [the] law would automatically expire" on a certain date, as well as a "self-repeal" clause, and noted "[b]oth of these dates have come and gone and there have been no efforts to reenact the emergency legislation." *Id.* at 13. The Ninth Circuit noted that the schools "maintained in-person instruction throughout the surge of the Omicron COVID-19 variant, even while the State's case count soared well past numbers reached early in the pandemic." *Id.* at 14. It explained that measures to combat the virus have led to a significant change in the circumstances. *Id.* (first

citing *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162–64 (4th Cir. 2021); then citing *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 231 (3d Cir. 2021)). The appellants in *Brach* acknowledged "that circumstances have changed since July 2020, when they filed their complaint, but suggest that an unexpected reversal in the public health situation could lead the Governor to once again close schools." *Id.* The Ninth Circuit determined that the appellants' "fears are too 'remote and speculative.'" *Id.* It explained that "[r]easonable expectation means something more than 'a mere physical or theoretical possibility,'" and the *capable of repetition yet evading review* exception did not apply because there was no "reasonable expectation" that schools would again be closed. *Id.* The Ninth Circuit noted the changed circumstances since the beginning of the pandemic led it to conclude that the *capable of repetition yet evading review* exception did not apply. *Id*. at 15.

We hold that Ramlow's appeal does not satisfy the *capable of repetition yet evading review* exception to the mootness doctrine, as his case is too fact-specific to fall within this exception.

   *2. The* Collateral Consequences *exception does not apply in this case.*

This exception to the mootness doctrine applies "when there is the possibility of collateral legal consequences imposed on the person raising the issue." *Snap! Mobile, Inc. v. Vertical Raise, LLC*, ___ Idaho ___, ___, 544 P.3d 714, 742–43 (2024) (alteration omitted) (quoting *Koch v. Canyon County*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008)). In *Snap! Mobile*, we concluded that the collateral consequences exception applied because the permanent injunction at issue in that case "may form the basis for further contempt proceedings." *Id.* at ___, 544 P.3d at 743.

Ramlow maintains that the *collateral consequences* exception applies to his appeal because he was ordered to attend a 52-week domestic violence course and subsequent review hearings as a term of the civil protection order. He contends that the requirement continues beyond the expiration of the protection order and is a collateral consequence of the order. Ramlow also argues that firearm restrictions under Title 18 of the United States Code in sections 922(g)(8) and 924(a)(2) stemming from the civil protection order are a collateral consequence, although he concedes that he was only subject to those restrictions while the civil protection order was in effect. Finally, Ramlow maintains that his parenting time and child custody order are affected by the terms of the civil protection order despite its expiration.

Mitchell counters that Ramlow is no longer subject to the terms of the civil protection order because it has expired. She points out that Ramlow was never subject to civil contempt proceedings

for his failure to complete the 52-week domestic violence course, that he cannot be subject to contempt proceedings because the civil protection order has expired, that he never attended review hearings, and that he is no longer subject to the firearms restrictions stemming from the protection order. Mitchell also notes that Ramlow entered into a *stipulated* child custody agreement in a separate case in which he agreed to attend a 52-week domestic violence course and the review hearings. She argues that, as a result, the *collateral consequences* exception does not apply to Ramlow's appeal.

We agree with Mitchell and the district court that Ramlow has not shown the possibility of collateral legal consequences affecting him due to the expired civil protection order. Ramlow is no longer subject to the firearms restrictions that were in place when the protection order was active. No contempt proceedings were ever initiated against Ramlow for his failure to complete the 52 week-domestic violence course. Ramlow has failed to show that the existence of an expired civil protection order will prejudice him in other proceedings. He has already entered into a stipulated child custody agreement with Mitchell, and he has not identified any other legal proceedings where the expired protection order could have collateral legal consequences. His contention that his parenting time is a collateral consequence of the civil protection order is unavailing. Ramlow entered into a separate child custody agreement. That agreement contained provisions related to parenting time, which would increase in phases. He *agreed* to complete the 52-week domestic violence course *and* attend review hearings as part of Phase 1. Even though Ramlow argued that he would not have agreed to complete the domestic violence course or attend review hearings if it was not already court-ordered, there is no evidence to support that contention in the record on appeal. We note that the civil protection order has now expired, and its requirements that Ramlow complete the domestic violence course and attend review hearings are no longer enforceable in this case. Any impact on Ramlow's parenting time at this point is due to his past failure to comply with the terms of the stipulated child custody agreement and is not attributable to the expired protection order in this case. As a result, we hold that the *collateral consequences* exception does not apply in this case.

*3. The* Substantial Public Interest *exception does not apply in this case.*

This exception to the mootness doctrine applies when an issue "of substantial public interest" is involved. *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). This Court has held the *substantial public interest* exception applies to the following situations: (1) reviewing

9

involuntary commitments, *id.*, (2) interpreting the scope of a recently enacted statute and the standard of proof related to claims under that statute, *Ellibee*, 121 Idaho at 503, 826 P.2d at 464 (interpreting the scope of the then-recently enacted Domestic Violence Act and the standard of proof required to obtain a domestic violence restraining order), and (3) determining whether a public entity can use public funds to campaign in an election, *AmeriTel Inns, Inc. v Greater Boise Auditorium Dist.*, 141 Idaho 849, 852, 119 P.3d 624, 627 (2005). We have long held that "the possibility of the reoccurrence of a similar lawsuit" or the "theoretical possibility that an issue may resurface will not suffice" to bring an appeal within the public interest exception to the mootness doctrine. *Great Beginnings Child Care, Inc. v. Off. of Governor of State of Idaho*, 128 Idaho 158, 160, 911 P.2d 751, 753 (1996).

In this case, Ramlow posits that his appeal falls within the *substantial public interest* exception because of "the simple fairness of procedure." He contends that "[t]o declare this appeal moot would vest substantial control in the 'protected person' [to determine] whether issues raised on appeal can be resolved." Ramlow maintains that the protected party's ability to decide "whether to apply for the extension of a protection order or just let it expire . . . can ultimately insulate a questionable protection order from appellate review and decision[.]" He also contends that because his civil protection order hearing occurred during the COVID-19 pandemic, and he was denied entry to the courthouse for refusing to wear a mask, this appeal presents issues of *substantial public interest*.

Ramlow's arguments under the *substantial public interest* exception have some overlap with his arguments related to the *capable of repetition yet evading review* exception. As we explained in that section, Ramlow focuses on the protected party's failure to seek an extension of a challenged civil protection order during the pendency of an appeal as being indicative of some kind of nefarious intent or ulterior motive on the part of the protected party to thwart the appeal or gain some other kind of advantage in the litigation. Again, there is no evidence in the record that indicates Mitchell's failure to seek a second extension of the civil protection order was done with the intent to sabotage Ramlow's appeal. Ramlow argues that "[t]he ability of one party to pull the rug out from under the other party's appeal" facilitates "evasion of review" and promotes a "dubious policy of giving that party unilateral control over the appeal process and any other litigation . . . that may be influenced by the challenged judgment." His argument that the ability to decide not to seek an extension of a protection order grants the protected party control over the

entire appeal process and any other related claims is too speculative. His contention that the protection order process grants the protected party unilateral control over any other future litigation that may be influenced by the challenged protection order relies on the "possibility of reoccurrence of a similar lawsuit," which is not sufficient to raise broader issues of *substantial public interest*.

The same can be said of his argument with respect to the COVID-19 mask mandates. Ramlow's second argument that the *substantial public interest* exception applies because, "[w]hile a failure to wear a mask does not currently bar entry to the courthouse, it is possible that we are not done with this pandemic or that there will be another one and that the measures and restrictions that bedeviled [Ramlow] may be put back in place" is a "theoretical possibility that an issue may resurface," which this Court has held is insufficient to fall within the *substantial public interest* exception, *Great Beginnings Child Care, Inc.*, 128 Idaho at 160, 911 P.2d at 753. For these reasons, we hold that Ramlow's appeal does not fall within this exception to the mootness doctrine.

### 4. *Vacatur of the underlying order is not appropriate in this case.*

Finally, Ramlow seeks to vacate the underlying expired protection order if we affirm the district court's determination that his appeal is moot. In *Moon v. Investment Board of State of Idaho*, 102 Idaho 131, 627 P.2d 310 (1981), we vacated the underlying judgment when a constitutional challenge of a statute became moot on appeal because the statute was repealed during the pendency of the appeal. We held that vacatur of the judgment, in that case, was appropriate because it "clears the path for future relitigation of the issues between the parties," and vacatur ensured that none of the parties was prejudiced by a "decision which in the statutory scheme was only preliminary." *Id.* (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)). In *State v. Barclay*, 149 Idaho 6, 9, 232 P.3d 327, 330 (2010), we held that vacatur of the decision from the Court of Appeals was appropriate when the defendant had served his entire sentence while the intermediate appeal was pending, and we dismissed the appeal as moot. In that case, however, we did not vacate the underlying sentence, nor did we vacate the district court's decision to relinquish jurisdiction. *Id.* These cases stand for the proposition that an issue may be moot because of a change in circumstances, and, in the interest of fairness, those changed circumstances may or may not justify vacatur of an underlying order or judgment.

This case does not present a situation where vacatur of the underlying order is appropriate. Ramlow's appeal is moot because the civil protection order has long since expired, not because of a changed circumstance that would indicate that, in the interest of fairness, the underlying order

should be vacated. Therefore, we decline to vacate the expired civil protection order in this case. Ramlow is no longer subject to the order. Even if he shares a child with Mitchell, he has failed to demonstrate that the possibility of relitigating the same issues that arose in connection with the expired protection order is likely. With respect to potential prejudice stemming from the expired civil protection order, Ramlow entered into a stipulated child custody agreement in a different case that places a separate requirement on him to complete the domestic violence class and attend review hearings. Ramlow has failed to show that the existence of an expired civil protection order will prejudice Ramlow in other proceedings.

**C.  Neither party is entitled to an award of attorney fees on appeal.**

Ramlow seeks attorney fees on appeal under Idaho Code section 12-121. Idaho Code section 12-121 provides for an award of attorney fees to the prevailing party if the appeal was pursued or defended "frivolously, unreasonably or without foundation." I.C. § 12-121. As Ramlow was not the prevailing party on appeal, he is not entitled to an award of attorney fees under this section.

Mitchell also seeks an award of attorney fees on appeal under Idaho Code section 12-121. She contends that Ramlow "does not develop any of his arguments on appeal and cites very little authority for his position." Mitchell maintains that Ramlow is simply inviting this Court to second-guess the district court with respect to its mootness determination. Although Mitchell is the prevailing party on appeal, we decline to award her attorney fees under Idaho Code section 12-121 because Ramlow's appeal was not pursued frivolously, unreasonably, or without foundation. Ramlow raised valid arguments related to the difficulties in appealing the issuance of a protection order when that order is not renewed.

Mitchell seeks an award of attorney fees under Idaho Code section 12-107. Idaho Code section 12-107 does not provide for an award of attorney fees on appeal—it provides for costs on appeal when "a new trial is ordered" or "when a judgment is modified" within the trial court's discretion. Section 12-107 states, "[i]n all other cases the prevailing party shall recover costs, including his costs below when the appeal is to the district court." I.C. § 12-107(2). We decline to award attorney fees or costs to Mitchell under this section.

Mitchell also seeks costs on appeal under Idaho Appellate Rule 40(b). As the prevailing party, she is entitled to costs on appeal.

## IV.  CONCLUSION

For the reasons discussed above, the district court's decision is <u>affirmed</u>. Mitchell is awarded costs under Idaho Appellate Rule 40(b).

Chief Justice BEVAN, and Justices BRODY, MOELLER, and ZAHN CONCUR.